■ GEORGE NATION, Respondent-Appellant, v MORSE DIESEL, INC., Respondent-Appellant and Third-Party Plaintiff-Respondent-Appellant. BRONX LEBANON HOSPITAL, Defendant and Second Third-Party Plaintiff-Appellant-Respondent. WOODWORKS CONSTRUCTION CO., INC., Third-Party Defendant-Appel-

lant-Respondent and Second Third-Party Defendant-Appellant. [625 NYS2d 555] —Order, Supreme Court, New York County (Anita Florio, J.), entered January 4, 1994, which granted the motion and cross-motions of the respective parties for reargument, and which, upon reargument, dismissed the complaint as against Bronx Lebanon Hospital, and in all other respects adhered to its June 3, 1993 determination, unanimously modified, on the law, to the extent that the cross-motions to dismiss plaintiff's Labor Law § 241 (6) claim are granted, plaintiff's motion for reinstatement of his Labor Law § 200 (1) claim is granted and the parties directed to complete discovery thereon, without costs.

Appeal from order, same Court and Justice, entered on or about June 3, 1993, which, to the extent appealed from, denied Woodworks' motion for summary judgment to dismiss plaintiff's cause of action pursuant to Labor Law § 241 (6), and otherwise granted summary judgment dismissing plaintiff's causes of action pursuant to Labor Law §§ 200 and 240; unanimously dismissed, without costs.

Dismissal of Woodworks' appeal of the IAS Court's June 3, 1993 order is warranted by the appeal of the IAS Court's superseding order dated January 4, 1994, as well as plaintiff's concession, before the IAS Court and this Court, of the legal insufficiency of its cause of action pursuant to Labor Law § 241 (6).

Plaintiff's Labor Law § 200 (1) cause of action should be reinstated. Not only did the Court in *Ross v Curtis-Palmer Hydro-Elec. Co.* (81 NY2d 494) hold that under section 200 (1) a claim such as plaintiff's would be viable where the owner or general contractor exercised supervisory control at the job site, but *Ross* also involved a construction contract, as does the instant case, in which the general contractor undertook responsibility for safety at the job site. While this contractual provision is not in itself sufficient to justify holding Morse Diesel, the general contractor, liable for the flawed procedure used to load the sheetrock studs, plaintiff argues, in accordance with the Court's finding in *Ross,* that a determination of the viability of his section 200 (1) claim should await the completion of further discovery as to whether the employees of Morse Diesel did in fact exercise supervision and control of safety at the job site. In accordance with *Ross,* we grant plaintiff this relief. Concur—Sullivan, J. P., Ellerin, Rubin and Williams, JJ. [As amended by unpublished order entered June 20, 1995.]