■ ANTHONY FRIOT, Appellant-Respondent, v WAL-MART STORES, INC., Respondent, and PIKE COMPANY, INC., Respondent-Appellant. [659 NYS2d 126] —Carpinello, J. (1) Appeal from an order of the Supreme Court (Demarest, J.), entered November 20, 1995 in St. Lawrence County, which, *inter alia*, granted defendants' cross motions for summary judgment dismissing the complaint, and (2) cross appeals from an order of said court, entered May 6, 1996 in St. Lawrence County, which, upon reconsideration, *inter alia*, reinstated plaintiff's Labor Law § 200 cause of action.

Plaintiff's employer was hired as a subcontractor by defendant Pike Company, Inc. to complete all earthwork, including site preparation, on a construction project for defendant Wal-Mart Stores, Inc. The project involved relocating a large mound of earthen fill from one location on the site to another. During the course of this work, plaintiff was standing at ground level when a large mass of fill dislodged from the pile, striking plaintiff and pinning him against a vehicle.

Plaintiff commenced this action to recover for the injuries he sustained as a result of the incident, charging defendants with having violated Labor Law §§ 200, 240 (1) and § 241 (6). After issue was joined and some discovery conducted, plaintiff moved for an order directing Pike to respond to certain discovery requests or, in the alternative, to preclude Pike from offering

---

certain evidence at trial based on its failure to respond. Thereafter Pike moved, and Wal-Mart cross-moved, for summary judgment dismissing the complaint. Plaintiff cross-moved for partial summary judgment on his Labor Law § 241 (6) cause of action.* Supreme Court granted defendants' motion and cross motion for summary judgment and dismissed the complaint. Plaintiff's subsequent motion for reargument was granted and, upon reargument, Supreme Court adhered to its prior decision and order dismissing plaintiff's Labor Law § 240 (1) and § 241 (6) claims, but reinstated the Labor Law § 200 claim. Plaintiff appeals and Pike cross-appeals.

In order to support a claim under Labor Law § 241 (6), a plaintiff must allege a violation of a specific "concrete" provision of the Industrial Code (see, Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d 494, 505). Plaintiff contends that he is entitled to summary judgment on this cause of action because his accident was the direct result of defendants' violations of 12 NYCRR 23-4.2 (g) and (k). Initially, we note that 12 NYCRR 23-4.2 (k) has been found to be insufficiently specific and concrete to support a cause of action under Labor Law § 241 (6) (see, Webber v City of Dunkirk, 226 AD2d 1050).

In any event, both regulations, which fall within the purview of 12 NYCRR 23-4.2 entitled "Trench and area type excavations", apply only to below-grade excavations as specifically defined by 12 NYCRR 23-1.4 (b) (21) (trench-type excavation) and 12 NYCRR 23-1.4 (b) (20) (area-type excavation). Accordingly, neither of these regulations is applicable to the ground-level accident at issue in this case (see, McGrath v Lake Tree Vil. Assocs., 216 AD2d 877 [12 NYCRR 23-4.2 (g) provides no protection to worker injured on dirt pile]; compare, Adams v Glass Fab, 212 AD2d 972).

Without addressing defendants' claim that plaintiff is precluded from arguing the viability of the Labor Law § 240 (1) claim since his counsel previously withdrew it, we find that this claim was rightly dismissed. The risk of becoming pinned at ground level by dismantled earthen fill is not the type of extraordinary, elevation-related risk contemplated by the statute (see generally, Misseritti v Mark IV Constr. Co., 86 NY2d 487; Rodriguez v Tietz Ctr. for Nursing Care, 84 NY2d 841; Smith v New York State Elec. & Gas Corp., 82 NY2d 781; Merkle v Weibrecht, 234 AD2d 696; Malecki v Wal-Mart Stores,

---

* In his opposition papers, plaintiff's counsel conceded that plaintiff did not state a cause of action pursuant to Labor Law § 240 (1) and, accordingly, stipulated to withdrawing that claim or, in the alternative, not opposing defendants' motion to dismiss it.

222 AD2d 1010; *Carringi v International Paper Co.*, 184 AD2d 137).

Turning to plaintiff's Labor Law § 200 claim, we note that this section is a codification of the common-law duty imposed upon, among others, a general contractor to provide workers on a construction site with a safe work environment (*see, Comes v New York State Elec. & Gas Corp.*, 82 NY2d 876). A precondition to this duty, however, is that the general contractor has authority or control over the activity bringing about the injury (*see, id.*). It is plaintiff's position that summary judgment is inappropriate on this claim because additional discovery is needed on whether Pike exercised any authority and control over the project pursuant to its contract with plaintiff's employer. We note that plaintiff has been unable to obtain certain information from Pike during discovery despite repeated attempts to do so (*cf., Adams v Glass Fab, supra; Witte v Incorporated Vil. of Port Washington N.*, 114 AD2d 359). Under these circumstances, we find that the viability of plaintiff's Labor Law § 200 claim should await the completion of further discovery as to whether Pike did in fact exercise authority or control over safety at the work site (*see, Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, *supra; Nation v Morse Diesel*, 214 AD2d 494). With respect to this claim, we also find that Supreme Court did not err in finding that additional discovery is warranted on whether the conditions of the work site and the hazard at issue were readily apparent.

We have reviewed the parties' remaining contentions and reject them as unpersuasive.

Cardona, P. J., Mercure, Crew III and White, JJ., concur. Ordered that the orders are affirmed, without costs.

