■ MICHAEL D'ANTONIO et al., Appellants, v 1251 AMERICAS ASSOCIATES et al., Respondents. 1251 AMERICAS ASSOCIATES, L.P., et al., Third-Party Plaintiffs-Respondents, v SHIMIZU AMERICA CORPORATION et al., Third-Party Defendants-Respondents. (And a Fourth-Party Action.) [726 NYS2d 647] —Order, Supreme Court, New York County (Paul Omansky, J.), entered May 8, 2000, which, *inter alia,* granted the motion of third-party defendant Miller Druck Co. Inc. and the cross motion of defendants Shimizu America Corporation, 1251 Americas Associates, MFD 1251 Americas Corporation, and Mitsui Fudosan (USA) Inc. for summary judgment, dismissing plaintiffs' Labor Law claims, unanimously affirmed, without costs.

Plaintiff was injured when he fell while installing anchors or hooks into a wall. The area where the anchors or hooks were to be placed was only six feet from the floor, one-half to one inch above plaintiff's head. It is uncontested that plaintiff did not need the elevation provided by the ramp/platform to perform his task. Under these circumstances, the motion court properly dismissed plaintiff's Labor Law § 240 (1) claim, since plaintiff's task did not involve "a significant risk inherent in the particular task because of the relative elevation at which the task must be performed" (*Rocovich v Consolidated Edison Co.*, 78 NY2d 509, 514). In short, plaintiff's task did not present an elevation risk within the contemplation of Labor Law § 240 (1), but rather "the type of ordinary and usual peril a worker is commonly exposed to at a construction site" (*Sousa v American Ref-Fuel Co.*, 258 AD2d 514, 515; *see also, DeStefano v Amtad New York*, 269 AD2d 229; *DeMayo v 1000 N. of N. Y. Co.*, 246 AD2d 506).

The motion court also properly dismissed plaintiff's cause of action predicated on Labor Law § 241 (6), since plaintiff failed to articulate the violation of any specific Industrial Code rule or regulation (*see, Rizzuto v Wenger Contr. Co.*, 91 NY2d 343, 349-350; *Keegan v Swissotel N. Y.*, 262 AD2d 111, 113, *lv dismissed* 94 NY2d 858). Concur—Sullivan, P. J., Nardelli, Ellerin, Buckley and Marlow, JJ.