SECOND DEPARTMENT, DECEMBER, 2002

(December 2, 2002)

■ ADERITO ALEXANDRE et al., Respondents, v CITY OF NEW YORK et al., Appellants. (And Two Third-Party Actions.) [750 NYS2d 651] —In an action to recover damages for personal injuries, etc., the defendants City of New York and Joseph Aragona and Sons, Inc., doing business as Cin-Mar Developers, Inc., separately appeal, as limited by their respective briefs, from so much of an order of the Supreme Court, Queens County (Flug, J.), dated July 27, 2001, as denied their respective motions for summary judgment dismissing the complaint and cross claims insofar as asserted against each of them.

Ordered that the order is modified, on the law, (1) by deleting the provisions thereof denying those branches of the motion of the defendant City of New York which were for summary judgment dismissing all claims based on Labor Law § 241 (6), Labor Law § 200, and common-law negligence insofar as asserted against it, and substituting therefor provisions granting those branches of that motion, and (2) by deleting the provision thereof denying that branch of the motion of the defendant Joseph Aragona and Sons, Inc., doing business as Cin-Mar Developers, Inc., which was for summary judgment dismissing all claims based upon Labor Law § 241 (6) insofar as asserted against it, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed, without costs or disbursements.

The subject accident occurred during the construction of a storm drain. The injured plaintiff claims that he fell 10 to 12 feet into a trench while attempting to take certain measurements above the trench. The defendants contend that the injured plaintiff's accident occurred while he was attempting to lower a piece of sheathing into an excavation and slipped and fell. They separately moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against

each of them. The Supreme Court denied their motions on the ground that there were triable issues of fact as to "the length and location of the fall and whether it was gravity related."

The plaintiffs raised triable issues of fact in response to the defendants' prima facie showing of entitlement to judgment as a matter of law by presenting competent evidence that at the time of the accident the injured plaintiff was engaged in an activity covered by Labor Law § 240 (1) (*see Covey v Iroquois Gas Transmission Sys.,* 89 NY2d 952; *Bradshaw v National Structures,* 249 AD2d 921).

However, the Supreme Court improperly denied summary judgment dismissing the claims against the defendant City of New York based upon Labor Law § 200 and common-law negligence. Although the City may have exercised general supervisory authority at the work site for the purpose of overseeing the progress of the work and inspecting the work product, that was insufficient to impose liability pursuant to Labor Law § 200 or pursuant to principles of common-law negligence (*see Bright v Orange & Rockland Utils.,* 284 AD2d 359; *Kvandal v Westminster Presbyt. Socy. of Buffalo,* 254 AD2d 818; *Brown v New York City Economic Dev. Corp.,* 234 AD2d 33).

Moreover, the defendants are entitled to summary judgment dismissing all claims under Labor Law § 241 (6). The provisions of the Industrial Code cited by the plaintiffs in support of these claims relate to either general standards of conduct or specific standards of conduct which are inapplicable to the plaintiffs' claims or not a proximate cause of this accident (*see Monsegur v Modern Comfort Tech.,* 289 AD2d 307). Krausman, J.P., Goldstein, Townes and Rivera, JJ., concur.