■ ARLENE TOEFER et al., Respondents-Appellants, v LONG ISLAND RAIL ROAD, Defendant and Third-Party Plaintiff-Appellant-Respondent. JANA CONSTRUCTION CO., INC., et al., Third-Party Defendants-Appellants-Respondents, et al., Third-Party Defendants. [764 NYS2d 865] —In an action to recover damages for personal injuries, etc., (1) the defendant third-party plaintiff fourth-party defendant Long Island Rail Road and the fourth-party defendant Metropolitan Transportation Authority appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Dollard, J.), dated June 3, 2002, as denied their motion for summary judgment dismissing the plaintiffs' Labor Law § 240 (1) cause of action, (2) the third-party defendant fourth-party plaintiff Jana Construction Co., Inc., appeals, as limited by its brief, from so much of the

same order as denied that branch of its motion which was to dismiss the plaintiffs' Labor Law § 240 (1) cause of action, (3) the third-party defendant Harris-Camden Terminal Company separately appeals, as limited by its brief, from so much of the same order as (a) denied that branch of its cross motion which was to dismiss the plaintiffs' Labor Law § 240 (1) cause of action, (b) failed to determine that branch of its motion which was to dismiss the cross claim of the third-party defendant Jana Construction Co., Inc., insofar as asserted against it, and (c) granted the Long Island Rail Road leave to amend its third-party complaint to plead a Vehicle and Traffic Law § 388 cause of action, and (4) the plaintiffs cross-appeal, as limited by their notice of appeal and brief, from so much of the same order as denied their cross motion for partial summary judgment on their causes of action to recover damages pursuant to Labor Law § 240 (1) and § 241 (6), and granted those branches of the separate motions of the Long Island Rail Road and Metropolitan Transportation Authority, Harris-Camden Terminal Company, and Jana Construction Co., Inc., which were for summary judgment dismissing their causes of action under Labor Law §§ 200 and 241 (6).

Ordered that the appeal by Harris-Camden Terminal Company from so much of the order as failed to determine the branch of its motion which was to dismiss the cross claim of Jana Construction Co., Inc., insofar as asserted against it is dismissed; and it is further,

Ordered that the order is modified, on the law, by deleting the provision thereof denying those branches of the motions which were to dismiss the plaintiffs' Labor Law § 240 (1) cause of action and substituting therefor a provision granting those branches of the motions; as so modified, the order is affirmed insofar as reviewed, with one bill of costs payable to the Long Island Rail Road and Metropolitan Transportation Authority Co., Inc., Jana Construction Co., Inc., and Harris-Camden Terminal Company, appearing separately and filing separate briefs.

The injured plaintiff, Eric Casey (hereinafter the plaintiff), an employee of Jana Construction Co., Inc. (hereinafter Jana), allegedly was injured when he and a coworker were unloading steel beams from a flatbed of a truck at a construction site owned by the Long Island Rail Road (hereinafter the LIRR). The plaintiff was using a wooden lever to push the beams off the side of the truck. The wooden lever sprang up, hitting the plaintiff in the head, and causing him to fall to the ground.

The plaintiff's guardians commenced the instant action, as-

serting causes of action pursuant to Labor Law §§ 200, 240 (1), and § 241 (6). The Supreme Court dismissed the causes of action pursuant to Labor Law §§ 200 and 241 (6), but denied those branches of the various motions which were to dismiss the plaintiff's Labor Law § 240 (1) cause of action and denied the branch of the plaintiff's cross motion which was for partial summary judgment on the issue of liability on the Labor Law § 240 (1) cause of action.

The risk faced by the plaintiff was not a special hazard that Labor Law § 240 (1) was designed to address (*see Cabezas v Consolidated Edison*, 296 AD2d 522, 523 [2002]). In this regard, the task of unloading a truck is not an elevation-related risk simply because there is a difference in elevation between the ground and the truck bed (*see Rice v Board of Educ. of City of N.Y.*, 302 AD2d 578, 580 [2003]; *Cabezas v Consolidated Edison, supra; Vargas v State of New York*, 273 AD2d 460, 461 [2000]; *Jacome v State of New York*, 266 AD2d 345, 346 [1999]; *Tillman v Triou's Custom Homes*, 253 AD2d 254, 257 [1999]). Accordingly, the Supreme Court should have dismissed the Labor Law § 240 (1) cause of action.

The Supreme Court properly dismissed the Labor Law § 241 (6) cause of action, which was premised on violations of the Industrial Code (*see* 12 NYCRR 23-8.2 [c] [3] and 12 NYCRR 23-6.1 [j]). These regulations do not apply because no mechanical hoisting devices or cranes were utilized by the plaintiff in this case (*see Flihan v Cornell Univ.*, 280 AD2d 994 [2001]).

Further, the Supreme Court properly dismissed the Labor Law § 200 cause of action. Where, as here, "the alleged defect or dangerous condition arises from the contractor's methods and the owner exercises no supervisory control over the operation, no liability attaches to the owner under * * * Labor Law § 200" (*Comes v New York State Elec. & Gas Corp.*, 82 NY2d 876, 877 [1993]). General supervisory power over the underlying project exercised by the LIRR is insufficient to impose liability (*see Alexandre v City of New York*, 300 AD2d 263, 264 [2002]; *Singleton v Citnalta Constr. Corp.*, 291 AD2d 393, 394 [2002]).

To the extent that Harris-Camden Terminal Company (hereinafter Harris-Camden) seeks review of the Supreme Court's failure to determine that branch of its motion which was to dismiss the cross claim of Jana insofar as asserted against it, no appeal lies from so much of the order as fails to determine a motion; the motion remains pending and undecided, and, accordingly, this portion of Harris-Camden's appeal must be dismissed (*see Dutkanych v United States Fid. & Guar. Co.*,

252 AD2d 537, 539 [1998]; *Katz v Katz,* 68 AD2d 536, 542-543 [1979]).

In light of this Court's determination, the remaining contention of Harris-Camden regarding the third-party complaint has been rendered academic. Florio, J.P., Feuerstein, Crane and Rivera, JJ., concur.