■ REGILIO VANEER, Appellant-Respondent, v 993 INTERVALE AVENUE HOUSING DEVELOPMENT FUND CORPORATION, Respondent-Appellant. [773 NYS2d 7]—

Order, Supreme Court, Bronx County (Howard Silver, J.), entered June 17, 2002, which granted defendant's motion for summary judgment dismissing the complaint only to the extent

of dismissing plaintiff's Labor Law § 240 (1) claim and denied plaintiff's cross motion for partial summary judgment upon the same claim, modified, on the law, to grant defendant's motion to the further extent of dismissing plaintiff's causes of action under Labor Law § 241 (6) and § 200 and for common-law negligence, and otherwise affirmed, without costs or disbursements. The Clerk is directed to enter judgment in favor of defendant dismissing the complaint.

On the date of the accident, plaintiff, an employee of Colgate Scaffolding Company, was on a flatbed truck unloading sheets of tin to be used to make a deck on the frame of a sidewalk bridge (scaffolding) at defendant's premises, located at 993 Intervale Avenue in the Bronx, in preparation for roof renovation. Plaintiff had been employed by the scaffolding company for nine months, working five or six days a week, and during that time had unloaded sheets of tin from "at least one truck a day . . . [a]lmost every day." In unloading the tin sheets, plaintiff, directed only by the foreman, another Colgate employee, who also participated in the unloading operation, followed the same procedure he "always" used: he would pick up one sheet from a stack on the truck and pass it to the foreman or another worker, who would then pass it to another worker. Plaintiff was injured when "the wind picked [him] up with the tin sheet and threw [him] off the truck onto the . . . road."

While defendant's president, who was also the CEO of defendant's managing agent, testified at her deposition that she and other representatives of defendant met to discuss safety issues, no one from Colgate attended that meeting and no one from defendant "g[a]ve any written guidelines or procedures to Colgate with respect to the manner in which they were to conduct their work." Moreover, while defendant would designate a person to inspect the work to insure that it was done according to specifications, there is nothing to suggest that defendant had any involvement in the manner in which the work was to be performed.

Defendant's motion for summary judgment dismissing plaintiff's Labor Law § 200 as well as negligence claim should have been granted. In accordance with a landowner's common-law duty to provide workers with a reasonably safe place to work, which has been codified by Labor Law § 200, " 'liability will attach to a landowner . . . only when the injuries were sustained as the result of a dangerous condition at the work site . . . and then only if the owner exercised supervision and control over the work performed at the site or had actual or constructive notice of the unsafe condition causing the accident'

(*Akins v Baker*, 247 AD2d 562, 563). 'Where the alleged dangerous condition arises from the contractor's methods and the owner exercises no supervisory control over the operation, no liability attaches' (*Yong Ju Kim v Herbert Constr. Co.*, 275 AD2d 709, 712)" (*Rosenberg v Eternal Mems.*, 291 AD2d 391, 391-392 [2002]). It is clear from this record that defendant "exercise[d] no supervisory control over the operation" (*Yong Ju Kim* at 712; *Toefer v Long Is. R.R.*, 308 AD2d 579, 581 [2003]; *Comes v New York State Elec. & Gas Corp.*, 82 NY2d 876 [1993]). Nor is there anything to suggest that defendant had notice of the windy condition causing the accident. Therefore, "no liability attaches . . . under . . . Labor Law § 200" (*Toefer, supra* at 581, quoting *Comes* at 877; *see also Yong Ju Kim* at 712). Indeed, in his papers opposing defendant's motion for summary judgment, plaintiff did not suggest any basis for upholding defendant's liability under Labor Law § 200 or even address the section 200 cause of action. While defendant might inspect the work to insure that it was done according to specifications, "general supervisory authority at the work site for the purpose of overseeing the progress of the work and inspecting the work product" is insufficient to impose liability (*Alexandre v City of New York*, 300 AD2d 263, 264 [2002]; *see also Toefer, supra*).

Summary judgment should also have been granted as to plaintiff's Labor Law § 241 (6) cause of action since plaintiff failed to articulate an Industrial Code violation by defendant (*see D'Antonio v 1251 Ams. Assoc.*, 284 AD2d 204 [2001]). The Labor Law § 240 (1) cause of action was properly dismissed since plaintiff's injuries, which were caused by a fall from a flatbed truck, did not result from an elevation-related risk (*see Dilluvio v City of New York*, 264 AD2d 115 [2000], *affd* 95 NY2d 928 [2000]). Concur—Nardelli, J.P., Andrias, Sullivan and Lerner, JJ.

Mazzarelli, J., dissents in part in a memorandum as follows: I agree with the majority's determinations to dismiss plaintiff's Labor Law § 240 (1) and § 241 (6) claims. However, I would affirm the IAS court's determination to deny defendant's motion to dismiss plaintiff's common-law negligence and Labor Law § 200 claims.

Defendant contends that it is entitled to summary judgment dismissing plaintiff's statutory and common-law negligence claims because it did not supervise or control the injury-producing work. I would find that defendant has not met its burden of establishing, as a matter of law, that it was without the authority to control the method by which plaintiff unloaded the tin sheets at this job site (*see Ross v Curtis-Palmer Hydro-*

*Elec. Co.*, 81 NY2d 494, 505 [1993]). While the majority concludes that the record presents no outstanding issues of fact, it is significant that defendant has not produced a copy of its contract with plaintiff's employer, the agreement which presumably allocated responsibility with respect to safety practices (*id.*). Summary resolution of the viability of plaintiff's Labor Law § 200 and common-law negligence claims is presently premature, not only because the contract has not been produced, but also given the deposition testimony indicating that defendant had at least one employee responsible for safety practices, and that defendant had other employees at the job site on the date of the accident (*Nation v Morse Diesel*, 214 AD2d 494, 495 [1995]).