■ Guilherme Dos Santos, Appellant, v STV Engineers, Inc., et al., Defendants and Third-Party Plaintiffs-Respondents. Ahern Painting Contractors, Inc., Third-Party Defendant-Respondent. [778 NYS2d 48]—

In an action to recover damages for personal injuries and wrongful death, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Vaughan, J.), dated May 15, 2003, as granted the motion of the defendants DKI Engineering and Consulting USA, P.C., DKI Consulting Engineers, Inc., and DKI Group Engineers, Inc., and the cross motion of the defendants STV Engineers, Inc., STV Incorporated, and STV International, Inc., for summary judg-

ment dismissing the complaint insofar as asserted against them, and denied his cross motion for summary judgment on the issue of liability on the causes of action under Labor Law § 240 (1) and § 241 (6).

Ordered that the order is affirmed insofar as appealed from, with one bill of costs awarded to the respondents appearing separately and filing separate briefs.

The plaintiff's decedent was a painter employed by the third-party defendant Ahern Painting Contractors, Inc. (hereinafter Ahern), which contracted with the State of New York to paint overpasses. The State contracted with the defendant STV Incorporated (hereinafter STV) to provide construction inspection services to insure that Ahern performed its work in accordance with the contract specifications. STV subcontracted with the defendant DKI Engineering & Consulting USA, P.C. (hereinafter DKI), to provide those inspection services. The plaintiff commenced this action alleging common-law negligence and violations of Labor Law §§ 200, 240, and 241.

The Supreme Court properly determined that the defendants were not "agents" subject to liability under Labor Law §§ 240 and 241 (see Russin v Picciano & Son, 54 NY2d 311, 318 [1981]; Fox v Jenny Eng'g Corp., 122 AD2d 532 [1986], affd 70 NY2d 761 [1987]; Decotes v Merritt Meridian Corp., 245 AD2d 864, 866 [1997]). In opposition to the defendants' prima facie showing of entitlement to summary judgment dismissing the complaint, the plaintiff failed to raise a triable issue of fact that the defendants were agents of the State subject to liability under Labor Law §§ 240 and 241. Although the State's engineer in charge of the project testified that he believed the defendants' inspector had supervisory authority over Ahern's workers, he stated that such authority would come from the contract documents, which he had not read. A review of the contract documents reveals, however, that no such authority was delegated to the defendants' inspector. Further, although there was testimony that a State engineer may delegate supervisory authority in writing, there is no evidence that the State engineer in this instance delegated such authority.

The Supreme Court also properly dismissed the causes of action to recover damages for common-law negligence and under Labor Law § 200. General supervisory authority at a work site for the purpose of overseeing the progress of the work and inspecting the work product is insufficient to impose liability for common-law negligence and under Labor Law § 200 (see Alexandre v City of New York, 300 AD2d 263 [2002]). To impose such liability, the defendant must have the authority to control

the activity bringing about the injury so as to enable it to avoid or correct the unsafe condition (*see Russin v Picciano & Son, supra*; *Singleton v Citnalta Constr. Corp.*, 291 AD2d 393 [2002]). Here, no such supervisory control was delegated to the defendants.

In light of our determination, the defendants' remaining contentions are academic. Smith, J.P., H. Miller, S. Miller and Luciano, JJ., concur.