■ ELAINE J. BAUMANN, Individually and as Administratrix of the Estate of FREDERICK BAUMANN, Deceased, Appellant, v METROPOLITAN LIFE INSURANCE COMPANY et al., Respondents, et al., Defendants. CUSHMAN & WAKEFIELD OF NEW YORK, INC., Third-Party Plaintiff, v FOREST ELECTRIC CORP., Third-Party Defendant-Respondent, et al., Third-Party Defendants. (And Another Action.) [793 NYS2d 410]—

Order, Supreme Court, New York County (Shirley Werner Kornreich, J.), entered March 11, 2004, which granted the cross motions of defendants Credit Suisse First Boston Structured Assets, Inc. and Metropolitan Life Insurance Company for summary judgment, unanimously reversed, on the law, without costs, the cross motions denied and the complaint reinstated.

Plaintiff's decedent, Frederick Baumann, an experienced journeyman electrician, was electrocuted on the job in 1999.

Decedent was employed by third-party defendant Forest Electric Corp. and had been working for a year on office space leased by defendant Credit Suisse First Boston Structured Assets, Inc. (Credit Suisse) at 11 Madison Avenue, in New York City. The building is owned by defendant Metropolitan Life Insurance Company (Met Life). Decedent was moving fixtures and came across a "bad splice" in an existing outlet box which apparently electrocuted him.

Plaintiff commenced the instant wrongful death action against, inter alia, Met Life, Credit Suisse and Penguin Air Conditioning Corp., also known as Emcor/Penguin Air Conditioning Corp., and Emcor Group, Inc. (collectively Penguin). Penguin moved for summary judgment dismissing the case against it* and defendants Credit Suisse and Met Life cross-moved for summary judgment, arguing that plaintiff's decedent was the sole proximate cause of his injuries. Plaintiff contended that defendants are liable under Labor Law § 241 (6) based upon a violation of 12 NYCRR 23-1.13 (b) (4), which requires that workers be protected from electric shock by de-energizing the circuit and grounding it. Plaintiff further argued that decedent's failure to turn off the electricity was consistent with the industry practice and was not so extraordinary or reckless as to make decedent the sole proximate cause of his injuries. The court, however, concluded that decedent was the sole proximate cause of his death.

We now reverse. The court improperly made findings of fact as to how the accident occurred by finding that decedent "exceeded the parameters of 'survey' and 'relocation' work when he opened the live outlet box and spontaneously undertook to repair a 'bad splice' with his bare hands." The facts of record simply do not establish that decedent exceeded the scope of the survey work or that he had undertaken to fix the splice with his bare hands when he was electrocuted. Indeed, decedent's coworker, who was nearby when the accident occurred, stated that it was the customary procedure for the electricians not to shut off the power while doing survey work, that performing such work could include opening the outlet box (although it did not involve touching exposed wires), and that he believed decedent was performing survey work at the time of the accident. Furthermore, decedent's insulated pliers were found on the floor immediately after the accident.

Finally, even if decedent had undertaken to fix the bad splice, it cannot be said as a matter of law that the failure to shut off

---

* While the motions were pending, plaintiff discontinued the claims against, inter alia, defendant Penguin.

the electricity was so "extraordinary under the circumstances, not foreseeable in the normal course of events, or independent of or far removed from the defendant's conduct" as to constitute "a superseding act which breaks the causal nexus" (*Derdiarian v Felix Contr. Corp.*, 51 NY2d 308, 315 [1980]). Therefore, there are questions of fact concerning defendants' liability (if any), including how the accident occurred, whether decedent's conduct was a substantial factor and, if so, to what extent was decedent responsible for the accident that caused his death. Concur—Tom, J.P., Andrias, Williams, Gonzalez and Catterson, JJ.