■ Joseph Delaney et al., Appellants, v City of New York, Respondent. [911 NYS2d 57]—

Order, Supreme Court, New York County (Milton A. Tingling, J.), entered August 3, 2009, which granted defendant's motion for summary judgment dismissing plaintiff's causes of action under Labor Law §§ 200 and 241 (6) and for common-law negligence, unanimously affirmed, without costs.

Plaintiff, an ironworker, alleges that while working on a bridge owned by defendant City, he was injured when he attempted to enter a lane of traffic on the bridge that had been closed to the public by his employer and was struck by a pickup truck owned and operated by his employer. Where, as here, the injuries were caused by a contractor's methods of performing a particular construction activity, the owner cannot be held liable under section 200 or the common law unless it exercised supervisory control over the activity (*see Lombardi v Stout*, 80 NY2d 290, 295 [1992]). Plaintiff offered no evidence tending to show such control. It does not avail plaintiff that defendant authorized plaintiff's employer's request for lane closures and hired engineers to ensure that the work being performed was in accordance with plans and specifications (*see Vasiliades v Lehrer McGovern & Bovis*, 3 AD3d 400, 401-402 [2004]).

We also reject plaintiff's argument that because the Jersey barrier over which he had to step to get to the roadway had no breaks to allow for safe passage and because there were no signs, traffic controls or flagmen to protect workers from oncoming traffic, the barrier was an inherently dangerous condition of the workplace itself for which defendant can be held liable even in the absence of supervisory control (*compare Dalanna v City of New York*, 308 AD2d 400, 400 [2003], *with Urban v No. 5 Times Sq. Dev., LLC*, 62 AD3d 553, 556 [2009]).

Nor can section 200 liability against defendant be based on alleged violations of the Occupational Safety and Health Act, which governs employee/employer relationships (*see Khan v Bangla Motor & Body Shop, Inc.*, 27 AD3d 526, 528-529 [2006], *lv dismissed* 7 NY3d 864 [2006]), as defendant was not plaintiff's employer.

The Industrial Code provisions cited by plaintiff in support of his cause of action under section 241 (6)—12 NYCRR 23-1.29 (public vehicular traffic) and 23-1.32 (imminent danger—notice, warning and avoidance)—are inapplicable to the alleged facts. Concur—Mazzarelli, J.P., Saxe, McGuire, Freedman and Abdus-Salaam, JJ.