■ RICHARD J. PALUMBO, Appellant, v TRANSIT TECHNOLOGIES, LLC, et al., Respondents. [41 NYS3d 85]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Nahman, J.), entered October 14, 2014, which denied his motion for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240 (1) and granted the defendants' cross motion for summary judgment dismissing the causes of action alleging violations of Labor Law §§ 240 (1) and 241 (6).

Ordered that the order is affirmed, with costs.

The plaintiff allegedly was injured while working as an electrical mechanic at an elevated subway station in Queens. The plaintiff testified at his deposition that he was feeding cable into a trench that was approximately three feet wide and two feet deep. The cable was attached to a pulling machine located about 800 feet away from him, which controlled the pace at which the cable moved into the trench. As he was working, a train began to approach the station, and he picked up the cable and held it above his head so the train would not hit the cable. The cable then suddenly accelerated forward, causing the plaintiff to be pulled into the trench and allegedly to sustain injuries.

The plaintiff commenced this action, asserting causes of action, inter alia, pursuant to Labor Law §§ 240 (1) and 241 (6). The plaintiff moved for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240 (1). The defendants opposed the plaintiff's motion and cross-moved for summary judgment dismissing the causes of action alleging violations of Labor Law §§ 240 (1) and 241 (6). The Supreme Court denied the plaintiff's motion and granted the defendants' cross motion. The plaintiff appeals.

"The extraordinary protections of Labor Law § 240 (1) extend only to a narrow class of special hazards, and do 'not encompass *any and all* perils that may be connected in some tangential way with the effects of gravity' " (*Nieves v Five Boro A.C. &*

*Refrig. Corp.*, 93 NY2d 914, 915-916 [1999], quoting *Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 501 [1993]). Rather, the statute was designed to prevent accidents in which a protective device " 'proved inadequate to shield the injured worker *from harm directly flowing from the application of the force of gravity to an object or person*' " (*Runner v New York Stock Exch., Inc.*, 13 NY3d 599, 604 [2009], quoting *Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d at 501).

Contrary to the plaintiff's contention, the Supreme Court properly granted that branch of the defendants' cross motion which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 240 (1), and denied his motion for summary judgment on the issue of liability on that cause of action. The defendants established their prima facie entitlement to judgment as a matter of law by demonstrating that the plaintiff's alleged injuries were not caused by the elevation or gravity-related hazards encompassed by Labor Law § 240 (1) (*see Gasques v State of New York*, 15 NY3d 869 [2010]; *Dilluvio v City of New York*, 95 NY2d 928 [2000]; *Gonzalez v Turner Constr. Co.*, 29 AD3d 630, 631 [2006]; *Santoro v New York City Tr. Auth.*, 302 AD2d 581, 582 [2003]; *see also Oakes v Wal-Mart Real Estate Bus. Trust*, 99 AD3d 31, 40 [2012]). In opposition, the plaintiff failed to raise a triable issue of fact.

Furthermore, the defendants made a prima facie showing of entitlement to judgment as a matter of law dismissing the cause of action alleging a violation of Labor Law § 241 (6) by demonstrating, inter alia, that 12 NYCRR 23-1.7 (b) (1), which is the only Industrial Code provision upon which the plaintiff presently relies, is inapplicable to the facts of this case. That provision provides, in pertinent part, that "[e]very hazardous opening into which a person may step or fall shall be guarded by a substantial cover fastened in place or by a safety railing" (12 NYCRR 23-1.7 [b] [1] [i]). Although this provision is sufficiently specific to support a cause of action under Labor Law § 241 (6) (*see Scarso v M.G. Gen. Constr. Corp.*, 16 AD3d 660, 661 [2005]), the trench in this particular case, which was only two feet deep, is not a hazardous opening within the meaning of 12 NYCRR 23-1.7 (b) (1) (*see Erickson v Cross Ready Mix, Inc.*, 75 AD3d 524 [2010]; *Barillaro v Beechwood RB Shorehaven, LLC*, 69 AD3d 543, 544 [2010]; *Rice v Board of Educ. of City of N.Y.*, 302 AD2d 578, 579 [2003]; *see also Romeo v Property Owner [USA] LLC*, 61 AD3d 491 [2009]). In opposition, the plaintiff failed to raise a triable issue of fact. Accordingly, the Supreme Court properly granted that branch of the

defendants' cross motion which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 241 (6). Leventhal, J.P., Maltese, LaSalle and Brathwaite Nelson, JJ., concur.