Rodriguez v 250 Park Ave., LLC (2018 NY Slip Op 03386)





Rodriguez v 250 Park Ave., LLC


2018 NY Slip Op 03386


Decided on May 9, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 9, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SHERI S. ROMAN
ROBERT J. MILLER
COLLEEN D. DUFFY, JJ.


2015-10735
 (Index No. 14785/12)

[*1]Miguel Rodriguez, Jr., respondent-appellant, 
v
250 Park Avenue, LLC, et al., appellants-respondents.


Babchik & Young, LLP, White Plains, NY (Bruce M. Young and Melissa A. Peace of counsel), for appellants-respondents.
Appell & Parrinelli, New York, NY (John J. Appell and Louis A. Badolato of counsel), for respondent-appellant.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendants appeal, and the plaintiff cross-appeals, from an order of the Supreme Court, Suffolk County (Mark D. Cohen, J.), dated August 28, 2015, as amended by a stipulation entered February 2, 2016. The order, insofar as appealed from, denied that branch of the defendants' motion which was for summary judgment dismissing so much of the Labor Law § 241(6) cause of action as was predicated on alleged violations of 12 NYCRR 23-1.7(e)(1). The order, insofar as cross-appealed from, granted those branches of the defendants' motion which were for summary judgment dismissing the common-law negligence cause of action and so much of the Labor Law § 241(6) cause of action as was predicated on alleged violations of 12 NYCRR 23-1.12(e) and (g), and denied the plaintiff's cross motion for summary judgment on so much of the Labor Law § 241(6) cause of action as was predicated on alleged violations of 12 NYCRR 23-1.12(e) and (g).
ORDERED that the order, as amended, is modified, on the law, (1) by deleting the provision thereof granting that branch of the defendants' motion which was for summary judgment dismissing the common-law negligence cause of action, and substituting therefor a provision denying that branch of the motion, and (2) by deleting the provision thereof granting that branch of the defendants' motion which was for summary judgment dismissing so much of the Labor Law § 241(6) cause of action as was predicated on alleged violations of 12 NYCRR 23-1.12(e) and (g), and substituting therefor a provision denying that branch of the motion; as so modified, the order, as amended, is affirmed insofar as appealed and cross-appealed from, with costs to the plaintiff.
The plaintiff alleges that he was injured while employed as an elevator mechanic at a commercial building in Brooklyn (hereinafter the premises) and working inside an enclosed concrete crawl space underneath the elevator motor room known as a "secondary." According to the plaintiff, while the elevator was in operation and he was moving to the exit hatch, he tripped and his left arm was injured when it was caught inside a pulley system called a sheave that had been activated when his assistant began to operate the elevator. The plaintiff subsequently commenced this action against the defendants, 250 Park Avenue, LLC, the owner of the premises, and Colliers ABR, Inc., the manager of the premises. The plaintiff alleged that the defendants are liable for his injuries based upon, inter alia, common-law negligence and violations of Labor Law § 241(6). The Labor Law § 241(6) cause of action was predicated on, inter alia, the defendants' alleged violations [*2]of 12 NYCRR 23-1.7(e)(1) and 23-1.12(e) and (g). The defendants moved for summary judgment dismissing the complaint, and the plaintiff cross-moved for summary judgment on so much of the Labor Law § 241(6) cause of action as was predicated on alleged violations of 12 NYCRR 23-1.12(e) and (g). The Supreme Court, inter alia, granted that branch of the defendants' motion which was for summary judgment dismissing the common-law negligence cause of action, and granted that branch of their motion which was for summary judgment dismissing the Labor Law § 241(6) cause of action except insofar as it was predicated on an alleged violation of 12 NYCRR 23-1.7(e)(1). The court denied the plaintiff's cross motion for summary judgment on the Labor Law § 241(6) cause of action insofar as it was predicated on alleged violations of 12 NYCRR 23-1.12(e) and (g). The defendants appeal and the plaintiff cross-appeals.
The defendants failed to establish, prima facie, that the plaintiff's act of moving across the secondary to the entry/exit hatchway while the elevator sheave was in operation "was so extraordinary under the circumstances, not foreseeable in the normal course of events, or independent of or far removed from the defendant's conduct' as to constitute a superseding act which breaks the causal nexus'" (Baumann v Metropolitan Life Ins. Co., 17 AD3d 260, 262 , quoting Derdiarian v Felix Contr. Corp., 51 NY2d 308, 315). Consequently, there are triable issues of fact with respect to whether the plaintiff's conduct constituted a substantial factor in causing the accident and, if so, to what extent the plaintiff was responsible for the accident (see Baumann v Metropolitan Life Ins. Co., 17 AD3d at 262; Mugavero v Windows By Hart, Inc., 69 AD3d at 695).
"Labor Law § 241(6) imposes on owners and contractors a nondelegable duty to provide reasonable and adequate protection and safety to persons employed in, or lawfully frequenting, all areas in which construction, excavation or demolition work is being performed" (Perez v 286 Scholes St. Corp., 134 AD3d 1085, 1086 [internal quotation marks omitted]). "To establish liability under Labor Law § 241(6), a plaintiff or a claimant must demonstrate that his [or her] injuries were proximately caused by a violation of an Industrial Code provision that is applicable under the circumstances of the case" (Aragona v State of New York, 147 AD3d 808, 809; see Perez v 286 Scholes St. Corp., 134 AD3d at 1086; Ferrero v Best Modular Homes, Inc., 33 AD3d 847, 851). The predicate Industrial Code provision must "set[ ] forth specific safety standards" (Hricus v Aurora Contrs., Inc., 63 AD3d 1004, 1005 [internal quotation marks omitted]; see St. Louis v Town of N. Elba, 16 NY3d 411, 414).
We agree with the Supreme Court's determination to deny that branch of the defendants' motion which was for summary judgment dismissing so much of the Labor Law § 241(6) cause of action as was predicated on an alleged violation of 12 NYCRR 23-1.7(e)(1). The defendants did not demonstrate, prima facie, that this provision of the Industrial Code lacked the requisite specificity to support a Labor Law § 241(6) cause of action (see Aragona v State of New York, 147 AD3d at 809; Jara v New York Racing Assn., Inc., 85 AD3d 1121, 1123). The defendants also failed to demonstrate, prima facie, that this Industrial Code provision was inapplicable to the facts of this case (see Zaino v Rogers, 153 AD3d 763, 765; Aragona v State of New York, 147 AD3d at 809; Torres v Forest City Ratner Cos., LLC, 89 AD3d 928, 929). Accordingly, the court properly denied that branch of the defendants' motion regardless of the sufficiency of the plaintiff's opposition papers (see Alvarez v Prospect Hosp., 68 NY2d 320, 324).
Moreover, the Supreme Court should not have granted that branch of the defendants' motion which was for summary judgment dismissing so much of the Labor Law § 241(6) cause of action as was predicated on alleged violations of 12 NYCRR 23-1.12(e) and (g). Contrary to the defendants' contentions, 12 NYCRR 23-1.12(e) and (g) are both sufficiently specific to support a Labor Law § 241(6) cause of action (see Pereira v Quogue Field Club of Quogue, Long Is., 71 AD3d 1104; cf. Palumbo v Transit Tech., LLC, 144 AD3d 773, 774; Ying Choy Chong v 457 W. 22nd St. Tenants Corp., 144 AD3d 591, 592). Despite the defendants' contention that the elevator sheave was protected by virtue of its location (see 12 NYCRR 23-1.12[e]) inside the secondary (see 12 NYCRR 23-1.12[g]), the plaintiff, through his expert, raised a triable issue of fact regarding the adequacy of this form of protection with respect to an elevator mechanic performing work inside the secondary. To the extent that the defendants contend that 12 NYCRR 23-1.12(e) is inapplicable because it permits removal of a required enclosure "when starting a machine or for machine adjustment or maintenance," such contention is unavailing. Since the plaintiff has not contended [*3]that, at the time of his accident, he was operating or otherwise performing work on the sheave, the safety requirements specified by 12 NYCRR 23-1.12(e) remain applicable. Thus, the court should have denied that branch of the defendants' motion which was for summary judgment dismissing so much of the Labor Law § 241(6) cause of action as was predicated on violations of 12 NYCRR 23-1.12(e) and (g). For the same reasons, the plaintiff, on his cross motion for summary judgment in his favor, failed to establish his prima facie entitlement to judgment as a matter of law, and the court properly denied the plaintiff's cross motion (see Alvarez v Prospect Hosp., 68 NY2d at 324; Zuckerman v City of New York, 49 NY2d 557, 562).
The Supreme Court also should not have granted that branch of the defendants' motion which was for summary judgment dismissing the common-law negligence cause of action as the defendants failed to establish, prima facie, their entitlement to judgment as a matter of law (see Martinez v Khaimov, 74 AD3d 1031, 1033; Thorne v Cauldwell Terrace Constr. Corp., 63 AD3d 826, 827).
The defendants' remaining contentions are without merit.
CHAMBERS, J.P., ROMAN, MILLER and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court