## Patino v 51 W. 81st St. Corp.

2025 NY Slip Op 30076(U)

January 7, 2025

Supreme Court, New York County

Docket Number: Index No. 153838/2020

Judge: Margaret A. Chan

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

| | |
|---|---|
| PRESENT: **HON. MARGARET A. CHAN** | PART **49M** |
| *Justice* | |

------------------------------------------------------------X

CHRISTOPHER PATINO,

                      Plaintiff,

          - v -

51 WEST 81ST STREET CORP.,

                      Defendant.

------------------------------------------------------------X

51 WEST 81ST STREET CORP.

                      Third-Party Plaintiff,

          -against-

NEW FORCE CONSTRUCTION CORP.

                      Third-Party Defendant.

------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 153838/2020 |
| MOTION DATE | 12/01/2023 |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON MOTION**

Third-Party
Index No. 596088/2020

The following e-filed documents, listed by NYSCEF document number (Motion 001) 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 50, 52, 54, 55, 57, 58, 59, 60, 61, 62, 64, 65

were read on this motion to/for                 JUDGMENT - SUMMARY

     In this personal injury action, plaintiff Christopher Patino, a laborer performing Local Law 11 work on defendant 51 West 81st Street Corp.'s building located at 51 West 81st Street, New York, New York (the Building), sustained personal injuries on October 10, 2019, while he and a co-worker were moving a granite windowsill up the steps of a scaffold. Plaintiff commenced this action on June 3, 2020, asserting claims under Labor Law §§ 200, 246(1), 241(6), and common law negligence. Defendant thereafter commenced a Third-Party action against plaintiff's employer, New Force Construction Corp. (New Force), for indemnification and contribution. Defendant now moves for summary judgment on plaintiff's claims under Labor Law § 200 and common law negligence, and on its third-party claim for contractual indemnification against New Force. Plaintiff opposes the motion, and New Force partially oppose the motion.

     For the reasons below, defendant's motion is granted as to plaintiff and denied as to the third-party defendant.

[* 1]

## Background

Plaintiff was employed as a laborer by New Force, a contractor in the Local Law 11 project that involved exterior restoration work at the Building (NYSCEF # 1 – Complaint ¶¶ 15–17; NYSCEF #36 – (Deft's atty aff ¶¶ 4-5). New Force was responsible for erecting the scaffolding and providing all tools and materials required for the worksite (NYSCEF # 35 – Deft's Statement of Facts ¶ 22; NYSCEF # 42 – 5/11/22 tr of pltf at 23:9-23:21).

On the day of the incident, New Force's foreman, Lucas Jamka, directed plaintiff and another worker to carry a granite windowsill weighing approximately 220 pounds from the bridge of the scaffold to the third floor (NYSCEF # 35 ¶ 27; NYSCEF # 57 – Plft's atty aff ¶ 3). While ascending the scaffold steps, plaintiff's coworker lost control of his end of the windowsill, leaving plaintiff to bear its entire weight. In his effort to prevent the windowsill from falling, plaintiff sustained injuries to his back, which he claims resulted in severe and permanent physical pain, disability, lost earnings, and substantial medical expenses (NYSCEF #1 ¶¶ 15-29).

Plaintiff contends that the defendant controlled the premises and was aware of the methods and means by which the work was performed, including the transportation of materials. He alleges that defendant failed to provide adequate equipment or manpower for safely handling heavy materials, failed to station a supervisory official at the worksite, and failed to comply with safety regulations mandated by New York Labor Law, the New York Industrial Code, and OSHA (*id.* ¶¶ 17–19).

Moreover, plaintiff's attorney contends that defendant's prohibition on using residential apartments for transporting materials forced workers to rely solely on scaffolding, creating hazardous working conditions. Thus, he argues that this logistical restriction significantly contributed to the unsafe conditions that led to his injuries (NYSCEF # 57 – Pltf's atty aff ¶ 4). Despite defendant's alleged awareness of these hazards, plaintiff claims it took no steps to address them, violating its statutory and common-law duties to ensure a safe workplace (*id.* ¶ 6).

Defendant, asserting that it did not supervise or control plaintiff's work and did not have notice of any dangerous conditions, moves for summary judgment plaintiff's Labor Law § 200 and common law negligence claims. Defendant also seeks summary judgment on its third-party claim for contractual indemnification, arguing that New Force is contractually obligated to indemnify it for any claims arising from New Force's work; plaintiff's injuries arose from New Force's work.

[* 2]

## Discussion

A party moving for summary judgment must make a *prima facie* showing that it is entitled to judgment as a matter of law (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). Once that showing is made, the burden shifts to the party or parties opposing the motion to produce evidentiary proof, in admissible form, sufficient to establish the existence of material issues of fact which require a trial of the action (*see Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). On a motion for summary judgment, facts must be viewed in the light most favorable to the non-moving party (*see Vega v Restani Constr. Corp*, 18 NY3d 499, 503 [2012]). Although summary judgment is "considered a drastic remedy," "when there is no genuine issue to be resolved at trial, the case should be summarily decided" (*Andre v Pomeroy*, 35 NY2d 361, 364 [1974]). In this regard, the court's task at this juncture "is issue finding, not issue determination" (*Lebedev v Blavatnik*, 193 AD3d 175, 184 [1st Dept 2021]).

### Labor Law § 200

Labor Law § 200 codifies the common law duty of property owners and contractors to provide workers with a safe workplace (*see Singh v Black Diamonds LLC*, 24 AD3d 138, 139 [1st Dept 2005]). Under Labor Law § 200, "liability will attach ... only when the injuries were sustained as the result of a dangerous condition at the work site ... and then only if the owner exercised supervision and control over the work performed at the site or had actual or constructive notice of the unsafe condition causing the accident [citation omitted]" (*Veneer v 993 Intervale Ave Housing Development Fund Corp*, 5 AD3d 161, 162-163 [1st Dept 2003]; *see also Ghany v BC Tile Contractors, Inc.*, 95 AD3d 768, 769 [1st Dept 2012]; *Delaney v City of New York*, 78 AD3d 540, 540 [1st Dept 2010]). "Where the alleged dangerous condition arises from the contractor's methods and the owner exercises no supervisory control over the operation, no liability attaches [citation omitted]" (*Veneer*, 5 AD3d at 163; *see also Suconata v Knickerbocker Properties, LLC* 116 AD3d 508, 508 [1st Dept 2014] [same]).

Here, the record establishes that New Force's foreman supervised all aspects of the plaintiff's work and that defendant's restrictions were logistical policies rather than directives controlling the work itself. Defendant shows that it did not exercise supervisory control over the methods or means of the plaintiff's work including the task of transporting the granite windowsill as all of plaintiff's work was directed by his supervisor.

As for plaintiff's claim of defendant's prohibition on using residential apartments to transport materials, while plaintiff argues that the restriction on using residential apartments created a dangerous condition by forcing workers to rely exclusively on scaffolding, which plaintiff alleges was inadequate for moving

heavy materials (NYSCEF # 57 – Plft's atty aff ¶¶ 2-4), defendant asserts that this claim is hypothetical and unsupported by evidence. Indeed, the complaint does not so allege; this argument came to light only in the affirmation of plaintiff's attorney in opposition to this motion.

In any event, defendant properly argues that such restriction merely limited access and did not amount to supervisory control over the contractor's methods, as the logistics of transporting materials was left entirely up to New Force (NYSCEF # 64 – Deft's Reply ¶¶ 4-6, 9-10). Restrictions that merely limit access do not constitute supervisory control (*Veneer*, 5 AD3d at 163 ["'Where the alleged dangerous condition arises from the contractor's methods and the owner exercises no supervisory control over the operation, no liability attaches'" [internal citation omitted]).

In sum, without evidence of supervisory control or a specific dangerous condition attributable to the defendant, liability under Labor Law § 200 and common-law negligence cannot attach (*Scott v American Museum of Natural History*, 3 AD3d 442, 443 [1st Dept 2004] [affirming dismissal of plaintiff's Labor Law § 200 and common-law negligence claims upon evidence that owner did not supervise and control plaintiff's work that caused the injury]). Accordingly, plaintiff's Labor Law § 200 and common law negligence causes of action are dismissed.

### Indemnification Claims

"The right to contractual indemnification depends upon the specific language of the contract [citation omitted]" (*Trawally v City of New York*, 137 AD3d 492, 493 [1st Dept 2016]). However, a finding that defendant is free from negligence precludes the indemnification provision in the contract from being triggered (*see Ruisech v Structure Tone Inc*, 208 AD3d 412, 415-416 [1st Dept 2022]).

Defendant argues that it is entitled to contractual indemnification from New Force for any claims arising from the plaintiff's injuries (NYSCEF #36 – Pltf's atty aff ¶¶ 48–56). Defendant maintains that the indemnification clause is broad enough to require New Force to assume responsibility for claims related to the work performed at the premises, regardless of whether defendant is found negligent (*id.* ¶ 49). Defendant contends that its role in the project was limited to logistical oversight, with no involvement in the methods or means of plaintiff's work, further justifying indemnification under the contract (*id.* ¶ 54).

New Force counters that the provision is not triggered in this case (NYSCEF #54 – New Force's atty aff ¶¶ 17–19). New Force asserts that indemnification under the contract applies only where defendant is actively negligent or liable for the injury-producing event (*id.* ¶ 18).

**153838/2020  PATINO, CHRISTOPHER vs. 51 WEST 81ST STREET CORP.**
**Motion No. 001**

Page 4 of 5

Since the court has found that Defendant is not liable for plaintiff's injuries under either Labor Law § 200 or common law negligence, the contractual indemnification provision is not triggered. Without an underlying finding of liability or negligence against 51 West, there is no basis to enforce the indemnification clause.

Accordingly, defendant's motion for summary judgment on its third-party claim for contractual indemnification is denied as moot.

## Conclusion

Accordingly, it is hereby

ORDERED that defendant 51 West 81st Street's motion for summary judgment dismissing plaintiff's Labor Law § 200 and common law negligence claims is granted; and it is further

ORDERED that defendant 51 West 81st Street's motion for summary judgment on its third-party claim for contractual indemnification against New Force Construction Corp. is denied as moot; and it is further

ORDERED that the Clerk of the Court is directed to enter judgment as written; and it is further

ORDERED that counsel for defendant 51 West 81st Street shall serve a copy of this Decision and Order with Notice of Entry upon all parties and file proof of service within 20 days of entry.

| 1/7/2025 | | | |
|---|---|---|---|
| DATE | | MARGARET A. CHAN, J.S.C. | |

| CHECK ONE: | | CASE DISPOSED | X | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|
| | GRANTED | DENIED | | GRANTED IN PART | X OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |