■ CHRISTOPHER MANON, Appellant, v INEZ WALLEN et al., Respondents. [607 NYS2d 337] —Order, Supreme Court, Bronx County (Bertram Katz, J.), entered January 27, 1993, which granted defendants' motion for summary judgment, denied plaintiff's motion for partial summary judgment and dismissed the complaint, unanimously affirmed, without costs.

In this action for personal injury brought pursuant to Labor Law § 240 (1) and § 200 (1) and under common law negligence principles, plaintiff, a wireless cable television installer, was injured when he fell from the roof of defendants' semi-detached dwelling into an alleyway between defendants' dwelling and their neighbor's. The evidence submitted on the motion and cross-motion establishes that defendants' dwelling was a two-family private residence and that there was neither direction nor control of plaintiff's work by any of the defendants, thus exempting defendants from liability pursuant to Labor Law § 240 (1).

The risks and danger with respect to the hatch opening were obvious and comprehensible through ordinary and reasonable care and inspection. Defendants, even if they were aware of the proximity of the hatch opening to the edge of the roof, had no duty to warn plaintiff, a professional cable television installer whose job took him to roofs every day *(McLean v Studebaker Bros. Co.,* 221 NY 475; *Employers Mut. Liab. Ins. Co. v Di Cesare & Monaco Concrete Constr. Corp.,* 9 AD2d 379, 385 [1st Dept 1959]).* Thus, plaintiff has failed to make the requisite showing to sustain either a Labor Law

§ 200 (1) or common law negligence claim. Concur—Sullivan, J. P., Asch, Rubin, Nardelli and Williams, JJ.