■ KUNE BALAJ et al., Respondents, v EQUITABLE LIFE ASSURANCE SOCIETY OF THE UNITED STATES et al., Appellants. [621 NYS2d 320] —Order, Supreme Court, New York County (Emily J. Goodman, J.), entered on or about February 4, 1994, which denied defendants' motion for summary judgment, unanimously reversed, on the law, the motion granted and the complaint dismissed, without costs.

It is well settled that where an alleged defect or dangerous condition arises from the methods of an independent contractor and the owner of premises exercises no supervisory control over the operation, no liability attaches to the owner under either common law or under section 200 of the Labor Law *(Lombardi v Stout,* 80 NY2d 290, 295). In this case, the uncontroverted evidence shows that none of the defendants exercised control over the method or manner in which plaintiff's employer, National Cleaning Contractors ("NCC") performed its work. In particular, accepting as true the allegations concerning defendants' inspections of NCC's work and defendant Tishman Speyer Properties' investigation of complaints from tenants concerning NCC, the evidence is insufficient to establish anything more than the retention of "general supervisory powers over the acts of the independent contractor" *(Wright v Esplanade Gardens,* 150 AD2d 197, 198) and will not result in vicarious liability for defendants.

Moreover, there is no evidence that plaintiff was injured as a result of a dangerous condition on the premises of which defendants had constructive notice *(see, Wright v Esplanade Gardens, supra; Silva v American Irving Sav. Bank,* 31 AD2d 620, *affd* 26 NY2d 727). The evidence demonstrated that the "wet, damp, slimy, gooey" condition of the floor described by plaintiff as the cause of her fall was a result of the immediately precedent application of wax by an NCC employee. In light of this evidence, plaintiff's testimony that the wax was

like "little peels", "little ashes", "chips" and "plastic" on her hands and clothes is insufficient as a matter of law to establish that her fall was caused by a long-term accumulation of wax residue rather than by the recently applied wax. We note that there was no evidence of any prior complaints regarding a buildup of wax residue on the floor.

Finally, plaintiff's argument that the within case is governed by section 241 (6) of the Labor Law, which concerns construction, excavation or demolition work, is without merit. Concur—Ellerin, J. P., Ross, Rubin and Nardelli, JJ.