■ MICHAEL BREZINSKI, Plaintiff, v OLYMPIA & YORK WATER STREET COMPANY, Appellant, and HORN WATERPROOFING CORPORATION, Respondent, et al., Defendant. OLYMPIA & YORK WATER STREET COMPANY, Third-Party Plaintiff-Appellant, v C & D RESTORATION, INC., Third-Party Defendant-Respondent. HORN WATERPROOFING CORPORATION, Second Third-Party Plaintiff-Respondent, v C & D WATERPROOFING CORPORATION, Second Third-Party Defendant-Respondent. OLYMPIA & YORK WATER STREET COMPANY, Third Third-Party Plaintiff-Appellant, v C & D WATERPROOFING CORPORATION, Third Third-Party Defendant-Respondent. [631 NYS2d 23] —Judgment, Supreme Court, New York County (Emily Jane Goodman, J.), entered December 21, 1994, which, upon a jury verdict, *inter alia*, apportioned 15% liability for plaintiff's injuries against appellant Olympia & York Water Street Company, 40% against respondent Horn Waterproofing Corporation and 45% against respondent C & D Waterproofing Corporation, and denied appellant's motion for judgment *non obstante veredicto* (n.o.v.) and for common-law indemnification over and against said respondents, unanimously reversed, on the law, without costs, the motion for judgment n.o.v. granted, the finding of 15% liability against appellant vacated, appellant granted indemnification against respondents and the jury verdict reapportioned 47.059% against respondent Horn Waterproofing

Corporation and 52.941% against respondent C & D Waterproofing Corporation.

In September 1987, plaintiff sustained serious personal injuries when he fell from a catwalk located above the roof of a building then owned by appellant Olympia & York Water Street Company (O&Y). Plaintiff was employed by respondent C & D Waterproofing Corporation, a subcontractor engaged by respondent Horn Waterproofing Corporation and respondent Horn Maintenance Corporation, the general contractors. Plaintiff commenced this action seeking damages pursuant to Labor Law §§ 200, 240 and 241. Third-party actions were commenced against plaintiff's employer and another waterproofing concern. Cross claims for contribution and indemnification were asserted among those alleged by plaintiff to be responsible for his injuries.

At issue on this appeal is whether the proof adduced at trial is sufficient to support the jury's determination of fault as against appellant and, secondarily, whether certain of the court's instructions to the jury were erroneous. Trial was limited to the apportionment of liability, the parties having stipulated that the amount of plaintiff's damages would be $1.8 million. The jury found that O&Y, Horn Waterproofing Corporation and C & D Waterproofing Corporation each had "supervision or control over the plaintiff's work or worksite at which plaintiff was injured" and that each was liable for negligence that proximately caused plaintiff's injuries. Liability was apportioned 15% against O&Y, 40% against Horn Waterproofing, and 45% against C & D Waterproofing. The court denied a motion by appellant for judgment notwithstanding the verdict. Appellant contended, as it does here, that it cannot be held liable in negligence because the defect causing plaintiff's injuries was obvious and because appellant exercised no control over the worksite or the workers.

The record does not establish that appellant had any authority to direct the activity that resulted in injury to plaintiff. "Where the alleged defect or dangerous condition arises from the contractor's methods and the owner exercises no supervisory control over the operation, no liability attaches to the owner under the common law or under Labor Law § 200" (*Comes v New York State Elec. & Gas Corp.*, 82 NY2d 876, 877; *Curtis v 37th St. Assocs.*, 198 AD2d 62). As this Court observed, "While control over the premises sufficient to give rise to such a duty may be attributed even to an owner who has no direct control over the activity bringing about the injury, at least where the owner is present and extensively involved with the

work performed by a contractor \* \* \* neither retention of inspection privileges nor a general power to supervise alone constitute control sufficient to impose liability" (*Pacheco v South Bronx Mental Health Council*, 179 AD2d 550, 551, *lv denied* 80 NY2d 754).

A landowner is under no duty to warn a worker or his employer of dangers and conditions that are open and obvious, either pursuant to Labor Law § 200 or common-law negligence principles that it codifies (*Wilhouski v Canon U.S.A.*, 212 AD2d 525, 526, citing *Gasper v Ford Motor Co.*, 13 NY2d 104; *Bombard v Central Hudson Gas & Elec. Co.*, 205 AD2d 1018, *lv dismissed* 84 NY2d 923; *Manon v Wallen*, 201 AD2d 367). Plaintiff was injured when he fell from a catwalk equipped with no handrail or other safety device.

The trial evidence establishes only that O&Y was vicariously liable (*Guillory v Nautilus Real Estate*, 208 AD2d 336), and it is thus entitled to indemnification from respondents (*Kelly v Diesel Constr. Div.*, 35 NY2d 1, 6). Using the jury's allocation of fault against respondents of 40% and 45%, respectively, Horn Waterproofing Corporation's additional liability is 40/85 x 15% or 7.059%, and C & D Waterproofing Corporation's additional liability is 45/85 x 15% or 7.941%, making respondents' total share of liability 47.059% and 52.941%, respectively.

In view of this disposition, we do not reach the issue of asserted error in the court's instructions to the jury. Concur—Sullivan, J. P., Rubin, Asch and Williams, JJ.