■ SALVATORE PRESTIGIACOMO et al., Appellants, v ST. REGIS HOTEL, a Joint Venture, et al., Respondents. OTIS ELEVATOR Co., INC., Third-Party Plaintiff-Respondent, v TISHMAN CONSTRUCTION CORP. OF NEW YORK, Third-Party Defendant-Respondent. [633 NYS2d 954] —Order, Supreme Court, New York County (Helen Freedman, J.), entered October 19, 1994, which, upon reargument, granted defendant Otis Elevator Co.'s motion for summary judgment dismissing plaintiffs' Labor Law § 200 and common-law negligence claims, unanimously affirmed, without costs.

The IAS Court properly applied the same analysis to plaintiffs' statutory and common-law theories of recovery in concluding that they had failed to raise a triable issue of fact with respect to defendant Otis's authority to supervise the activity that resulted in the injury. The court also properly determined that the injury was caused by the laborer's method of operation, which was unforeseeable (see generally, Brezinski v Olympia & York Water St. Co., 218 AD2d 633, 634, quoting Comes v New York State Elec. & Gas Corp., 82 NY2d 876, 877; Balaj v Equitable Life Assur. Socy., 211 AD2d 487, lv denied 85 NY2d 811).

We have considered plaintiffs' other arguments and find them to be without merit. Concur—Ellerin, J. P., Wallach, Ross, Nardelli and Tom, JJ.

■ CARL RADIN, Appellant, v ALVIN MITCHEL, Respondent. [633 NYS2d 953] —Order, Supreme Court, Bronx County (Stanley Green, J.), entered December 14, 1994, which denied plaintiff's motion to amend the complaint, unanimously affirmed, without costs.

The motion was properly denied as plaintiffs' proposed amended complaint lacks the specificity required to state a cause of action for fraud (CPLR 3016 [b]; see, Bank Leumi Trust Co. v D'Evori Intl., 163 AD2d 26, 28). We note, however, that the relief plaintiff seeks, essentially an accounting of contingent fee cases in which the subject partnership had been retained prior to its December 31, 1986 dissolution, is cognizable under the fourth cause of action of the original complaint as pleaded and states a viable claim (Raymond v Brimberg, 99 AD2d 988, 989; Shandell v Katz, 217 AD2d 472). Concur—Ellerin, J. P., Ross, Nardelli and Tom, JJ.