■ AKIJA ELEZAJ, Respondent, v P.J. CARLIN CONSTRUCTION COMPANY et al., Defendants, F & V MECHANICAL PLUMBING & HEATING CORP., Appellant, and TODINO SEWER & WATER SERVICE, INC., Appellant-Respondent, et al., Third-Party Plaintiff. FRED TODINO & SONS, INC., et al., Third-Party Defendants-Appellants. F & V MECHANICAL PLUMBING & HEATING CORP., Third Third-Party Plaintiff-Appellant, v FRED TODINO & SONS, INC., Third Third-Party Defendant-Appellant. [639 NYS2d 356]

Plaintiff's version of this construction site accident in which

he was injured is, for purposes of this appeal, undisputed. As testified to at his deposition, plaintiff, an employee of Fred Todino, was excavating a ditch that at the time was 8 to $9^{1}/_{2}$ feet deep. The dirt removed from the ditch or trench was put into a "bucket" that was part of a truck or crane. The "crane" was a backhoe machine with a "bucket" that was actually a large scoop attached to a mechanical arm.

Plaintiff was "sort of in command" that day, "telling the others what to do", and this included telling the crane/backhoe operator when to lower the bucket into the trench. Before the accident, he told and hand signalled the crane/backhoe operator that he was about to go into the ditch and that the operator should not move the machine. As plaintiff was beginning to lower himself into the ditch by holding on to the side of the trench at street level, intending to step down upon wood slats that were constructed as makeshift steps along the walls of the trench, the bucket of the backhoe came down on his left hand and crushed it. He did not fall into the trench, but held onto a water pipe with his other hand and leaned on the pipe. At the time, his feet were not touching anything.

The IAS Court erred to the extent it relied on an engineer's opinion in determining whether Labor Law § 240 applies to the particular circumstances of plaintiff's accident (*see, Rodriguez v New York City Hous. Auth.*, 209 AD2d 260). Although the expert opined that the bucket *might* sway on its hinge as a result of gravity, there was no competent evidence in admissible form presented on this motion that this is in fact what occurred. To the contrary, the only evidence in the record establishes that the backhoe bucket crushed plaintiff's hand, not because of gravity, but because of its mechanical operation by an allegedly negligent co-worker. Thus, Labor Law § 240 (1) is not implicated (*see, Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 500-501; *Misseritti v Mark IV Constr. Co.*, 86 NY2d 487) and the plaintiff's cause of action premised on this provision should have been dismissed.

Regarding plaintiff's cause of action brought pursuant to Labor Law § 241 (6), we note that the specific Industrial Code regulation relating to the dangerous proximity of workers to excavation equipment is not a mere general regulatory provision declaratory of common law principles (*see, e.g., Lehner v Dormitory Auth.*, 221 AD2d 958). The IAS Court therefore properly denied summary judgment to defendant Fred Todino on this issue.

As to plaintiff's claims that defendants Todino Sewer and F&V are vicariously liable pursuant to Labor Law § 241 (6), we

note that section 5.01 of the contract between the Carlin defendants and F&V imposes upon F&V more than the mere general supervisory responsibilities that have been held insufficient to impose vicarious liability (*cf., Tambasco v Norton Co.*, 207 AD2d 618, 621-622, *lv dismissed* 85 NY2d 857). In any event, the duties imposed by Labor Law § 241 (6) on owners and contractors are non-delegable (*see, Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d, *supra*, at 502). The IAS Court therefore correctly denied summary judgment to these defendants on their asserted ground that they did not actually supervise.

Although there may have been issues of fact with respect to Fred Todino's and F&V's contractual control over the work, the record does not establish that they exercised actual control of how the backhoe was operated. The danger here arose from the contractor's method of operation and no liability attaches vicariously under Labor Law § 200 or under the common law (*see, Prestigiacomo v St. Regis Hotel*, 221 AD2d 215; *Brezinski v Olympia & York Water St. Co.*, 218 AD2d 633, 634; *Balaj v Equitable Life Assur. Socy.*, 211 AD2d 487, *lv denied* 85 NY2d 811; *Mandelos v Karavasidis*, 86 NY2d 767, 769, *affg* 213 AD2d 518 [as to dismissal of common law negligence claim]). The IAS Court should have dismissed these claims.

While the record reveals the occasional physical presence of an F&V superintendent at the construction site, it contains no evidence that F&V actually controlled plaintiff's work. Its liability would therefore be entirely vicarious with respect to Labor Law § 241 (6), the only cause of action properly remaining. Accordingly, F&V was entitled to summary judgment on its indemnification claim (*see, Chapel v Mitchell*, 84 NY2d 345, 347; *Guillory v Nautilus Real Estate*, 208 AD2d 336, 339, *appeal dismissed and lv denied* 86 NY2d 881). Concur—Rosenberger, J. P., Wallach, Rubin, Nardelli and Mazzarelli, JJ.