(December 5, 1996)

■ CARL BROWN, Respondent, v NEW YORK CITY ECONOMIC DEVELOPMENT CORPORATION, Appellant. [650 NYS2d 213] —Order, Supreme Court, New York County (Beverly Cohen, J.), entered on October 18, 1995, which, *inter alia*, denied defendant's motion pursuant to CPLR 3212 to dismiss the first and third causes of action, unanimously reversed, on the law, without costs, summary judgment granted and the first and third causes of action dismissed.

The motion court erred in failing to dismiss the first cause of action. Although defendant had a representative at the construction site, that individual's function was oversight of the construction manager, not the specific work of any particular subcontractor such as plaintiff's employer, Forest Electric. We have held that, with reference to Labor Law § 200 claims, an owner's mere retention of contractual inspection privileges or a general right to supervise does not amount to control sufficient to impose liability, and that where the injury is due to the method of work, Labor Law § 200 and common law negligence claims must be dismissed in the absence of proof of the owner's *actual* control, notwithstanding the existence of questions of fact regarding an owner's contractual *right* of control (*Brezinski v Olympia & York Water St. Co.*, 218 AD2d 633; *Balaj v Equitable Life Assur. Socy.*, 211 AD2d 487, *lv denied* 85 NY2d 811; *Elezaj v Carlin Constr. Co.*, 225 AD2d

441, 443, *lv granted* 228 AD2d 1008; *Sheridan v Beaver Tower,* 229 AD2d 302, 304).

The third cause of action also should have been dismissed. The Court of Appeals has held that Labor Law § 241 (6) requires that a claimant demonstrate that his injury was caused by violation of a specific safety regulation related to a plaintiff's work and which imposed an affirmative duty upon the project owner (*Comes v New York State Elec. & Gas Corp.,* 82 NY2d 876, 878). Here, plaintiff alleged that the hoisting device used in the course of his duties did not comply with Industrial Code of the State of New York (12 NYCRR) § 23-6.1 (j). However, in fact, plaintiff's injury was unrelated to the hoisting device in use at the time, since he admitted that the injury occurred due to his manual lifting of electrical buss bars which aggravated his pre-existing back condition. Moreover, 12 NYCRR subpart 23-6 has been held to be a general safety standard insufficient to support a Labor Law § 241 (6) claim (*Narrow v Crane-Hogan Structural Sys.,* 202 AD2d 841, 842). Concur—Murphy, P. J., Milonas, Williams, Tom and Andrias, JJ.