■ Andrew Robertson, Appellant, v East Side Glass Co., Inc., Respondent. [795 NYS2d 190]—

Order, Supreme Court, Bronx County (Sallie Manzanet, J.), entered February 7, 2004, which granted defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

It is undisputed that plaintiff was a trained and experienced deliverer and handler of glass who had on many occasions prior to the complained-of accident delivered glass to defendant's premises. By his own testimony plaintiff established that he was fully familiar with the tasks incident to delivering glass to defendant. The risks attendant to this activity are fairly

presumed to be within his professional competence. Similarly, plaintiff failed to demonstrate that there was any dangerous condition on the premises or that the glass rack was in any way defective or unsafe. The motion court correctly held that defendant may not be held liable for failing to instruct plaintiff as to how to move glass on a rack that was not defective (*see Manon v Wallen*, 201 AD2d 367 [1994]).

We have considered plaintiff's remaining arguments and find them unavailing. Concur—Mazzarelli, J.P., Marlow, Sullivan, Ellerin and Catterson, JJ.