■ DERRICK RAY et al., Respondents-Appellants, v CITY OF NEW YORK et al., Appellants-Respondents. (And a Third-Party Action.) [880 NYS2d 37]—

Order, Supreme Court, New York County (Judith J. Gische, J.), entered February 29, 2008, which, insofar as appealed from as limited by the briefs, denied plaintiffs' motion for summary judgment on the issue of liability under Labor Law § 240 (1), and granted defendants' motion for summary judgment to the extent it sought to dismiss the Labor Law § 200 claim and denied the motion to the extent it sought to dismiss the section 240 (1) claim, unanimously modified, on the law, to grant plaintiffs' motion for summary judgment on the issue of liability under Labor Law § 240 (1), and otherwise affirmed, without costs.

Plaintiff Derrick Ray was injured when he was struck by an 8,000-pound steel beam approximately 60 feet long and two to three feet thick as it was being lowered into place atop two 25-foot-high steel towers. Various witnesses testified that the beam came toward plaintiff at an angle and was moving up and down as well as side to side. The undisputed testimony was that the tag line men on plaintiff's side of the beam could not control the swing of the beam. The crane operator estimated that the beam moved up and down a foot or a foot and a half. The court correctly found that the accident involved an elevation-related risk within the meaning of Labor Law § 240 (1) (*see Brown v VJB Constr. Corp.*, 50 AD3d 373, 376 [2008]; *see also Hawkins v*

*City of New York*, 275 AD2d 634, 634-635 [2000]; *Moller v City of New York*, 43 AD3d 371 [2007]).

However, the court incorrectly found that summary judgment in plaintiffs' favor was precluded by an issue of fact as to how the accident occurred. Since plaintiff's injuries were attributable at least in part to defendants' failure to provide proper protection as mandated by the statute, his motion for summary judgment on the issue of liability thereunder should have been granted (*see Cammon v City of New York*, 21 AD3d 196, 201 [2005]). After the barge on which the crane and the beam were situated was struck by waves and caused to rock, the motion was transmitted to the beam, causing it to "jump around." Plaintiff's injuries resulted from the inability of the tagmen on plaintiff's side to steady the beam as the crane operator tried to lower it onto the towers. In addition, the scaffold was defective insofar as plaintiff's foot became ensnared between the wood planks of its platform. That it is unclear from the record whether plaintiff had a tie line or a lifeline does not preclude partial summary judgment in his favor, since his injury was at least partly attributable to the defects in the hoisting equipment and the scaffold.

The Labor Law § 200 and common-law negligence claims were properly dismissed since the evidence showed that neither the owner nor the construction manager exercised the requisite degree of supervision or control over the work giving rise to plaintiff's injury (*see Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 505 [1993]). Concur—Friedman, J.P., Sweeny, Nardelli, Acosta and Richter, JJ.