SHARIF M. MOHAMED et al., Appellants-Respondents, v CITY OF WATERVLIET et al., Respondents-Appellants. [965 NYS2d 637]—

Mercure, J.P. Cross appeals from an order of the Supreme Court (Connolly, J.), entered July 2, 2012 in Albany County, which, among other things, partially granted defendants' cross motion for summary judgment dismissing the complaint.

Plaintiff Sharif M. Mohamed (hereinafter plaintiff) was severely injured when he was hit with a backhoe bucket while working for Green Island Contracting, LLC, a highway and infrastructure contractor engaged in the reconstruction of 19th Street in the City of Watervliet, Albany County. Defendant City of Watervliet also contracted with defendant Clough Harbour & Associates, LLP to provide design and engineering services on the project. At the time of the accident, plaintiff and two other Green Island employees, Rudy Arellano and Mike Manning, were installing a T-connection to an existing water main so that a new fire hydrant could be connected. Manning lowered the T-connection, attached to the bucket of a backhoe by a chain, into the 9½-foot trench where the water main was located. While plaintiff and Arellano began tightening the bolts to secure the T-pipe to the water main in the trench, Manning exited the backhoe to check on the placement of the T-connection. Manning then returned to the backhoe, the bucket of which had remained suspended approximately 3½ feet above plaintiff and Arellano. The bucket then descended precipitously into the trench and crushed plaintiff—fracturing his skull, teeth, neck, shoulder, ribs, pelvis, leg and ankle, nearly ripping off his left ear, puncturing his lungs and causing blood to flow out of his ears.

Plaintiff and his wife, derivatively, commenced this action alleging causes of action pursuant to Labor Law §§ 240 (1) and 241 (6), as well as Labor Law § 200 and common-law negligence. Plaintiffs thereafter moved for summary judgment on the issue of the City's liability under Labor Law §§ 240 (1) and 241 (6). Defendants cross-moved for summary judgment dismissing the complaint. Supreme Court denied plaintiffs' motion but partially granted defendants' cross motion, dismissing the section 240 (1) claim and portions of the section 241 (6) claim. The parties cross-appeal, and we now affirm.

Labor Law § 240 (1) requires contractors, owners and their agents to provide safety devices, such as hoists, that are "so constructed, placed and operated as to give proper protection to a person . . . employed" as a laborer "in the erection, demolition, repairing, altering, painting, cleaning or pointing of a building or structure." Liability under the statute extends to cases involving falling objects and falling workers, and "requires a showing that safety devices like those enumerated in the statute were absent, inadequate or defective, and that this was a proximate cause of the object's fall, i.e., for the gravity-related injury" (*Jock v Landmark Healthcare Facilities, LLC*, 62 AD3d 1070, 1071 [2009]; *see Runner v New York Stock Exch., Inc.*, 13 NY3d 599, 603-604 [2009]; *Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 500-501 [1993]). Liability is further dependent "on whether the injured worker's 'task creates an elevation-related risk of the kind that the safety devices listed in section 240 (1) protect against' " (*Salazar v Novalex Contr. Corp.*, 18 NY3d 134, 139 [2011], quoting *Broggy v Rockefeller Group, Inc.*, 8 NY3d 675, 681 [2007]; *see Wilinski v 334 E. 92nd Hous. Dev. Fund Corp.*, 18 NY3d 1, 7 [2011]; *Jock v Landmark Healthcare Facilities, LLC*, 62 AD3d at 1071). That is, the statute's protection does "not encompass *any and all* perils that may be connected in some tangential way with the effects of gravity," but is "limited to . . . those types of accidents in which the scaffold, hoist, stay, ladder or other protective device [has] proved inadequate to shield the injured worker *from harm directly flowing from the application of the force of gravity to an object or person*" (*Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d at 501 [internal citation omitted]; *accord Runner v New York Stock Exch., Inc.*, 13 NY3d at 604; *Oakes v Wal-Mart Real Estate Bus. Trust*, 99 AD3d 31, 35 [2012]).

Plaintiffs assert that this is a "falling object" case in which the safety device itself—the backhoe acting as a hoist—was the falling object and failed in its core objective of preventing harm to plaintiff. They submitted an expert affidavit indicating

that the backhoe was still functioning as a hoist at the time of the accident because the T-connection was only partially weight bearing and not fully installed—plaintiff was still securing a bolt. Plaintiffs' expert further explained that Manning's description of the accident—that the bucket fell due to a leak causing a sudden drop in the hydraulic pressure, together with gravity—was "impossible" given the undisputed absence of hydraulic fluid around the backhoe and that Manning was able to lift the backhoe out of the trench after it crushed plaintiff. Thus, plaintiffs' expert concluded, the only way in which the accident could have occurred was that Manning accidentally bumped or jostled the backhoe's joystick, causing the bucket to lower and hit plaintiff.

Inasmuch as the work operation was not completed, plaintiffs maintain, Labor Law § 240 (1) imposes liability for the improper operation of the backhoe. In the alternative, plaintiffs argue that the backhoe was not properly placed or secured—because it was suspended over plaintiff's head and then became a "falling object"—and that it was not properly constructed because it lacked safety features to prevent the bucket from dropping. As noted above, however, liability does not extend to "harm . . . caused by an inadequate, malfunctioning or defectively designed scaffold, stay or hoist" unless the injury itself was caused by *"the application of the force of gravity to an object or person"* (*Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d at 501). Viewing the facts in the light most favorable to plaintiffs, the accident occurred as a result of Manning jostling the controls, causing the backhoe's properly functioning hydraulic system to lower the bucket.* Thus, the evidence submitted by plaintiffs, if accepted as true, would establish that "the backhoe bucket crushed plaintiff[ ] . . . not because of gravity, but because of its mechanical operation by an allegedly negligent co-worker" (*Elezaj v Carlin Constr. Co.*, 225 AD2d 441, 442 [1996], *affd* 89 NY2d 992 [1997]). Under these circumstances, Supreme Court properly dismissed plaintiffs' section 240 (1) claim because there was no falling object—"the harm [did not] flow[ ] directly from the application of the force of gravity to [an] object" (*Runner v New York Stock Exch., Inc.*, 13 NY3d at 604), but from the usual and ordinary dangers of a construction site (*see Toefer v Long Is. R.R.*, 4 NY3d 399, 407-409 [2005]; *Smith v New York State Elec. & Gas Corp.*, 82 NY2d 781, 782-783 [1993]; *Ross v Curtis-*

---

* We reject plaintiffs' request that we disregard Manning's explanation, that a leak of hydraulic fluid and gravity caused the accident, to find operator error, but then adopt the same explanation to find that gravity caused the accident.

*Palmer Hydro-Elec. Co.*, 81 NY2d at 501; *Oakes v Wal-Mart Real Estate Bus. Trust*, 99 AD3d at 39; *Elezaj v Carlin Constr. Co.*, 225 AD2d at 442; *cf. Outar v City of New York*, 5 NY3d 731, 731 [2005]; *Harris v City of New York*, 83 AD3d 104, 109-111 [2011]; *Jock v Landmark Healthcare Facilities, LLC*, 62 AD3d at 1071-1073).

The parties' remaining arguments do not require extended discussion. Plaintiffs assert that Supreme Court erred in dismissing their Labor Law § 241 (6) claim insofar as it was based on 12 NYCRR 23-4.2 (k) and 12 NYCRR 23-9.4 (h) (5); in addition, they contend that they are entitled to summary judgment with respect to those regulations, as well as 12 NYCRR 23-9.2 (b) and (g) and 12 NYCRR 23-9.5 (c) and (f). Defendants argue that they are entitled to dismissal of the Labor § 241 (6) claim in its entirety.

"In order to state a claim under [Labor Law § ] 241 (6), a plaintiff must allege that the property owners violated a regulation that sets forth a specific standard of conduct and not simply a recitation of common-law safety principles" (*St. Louis v Town of N. Elba*, 16 NY3d 411, 414 [2011] [citation omitted]). Inasmuch as 12 NYCRR 23-4.2 (k) is not sufficiently specific to support a Labor Law § 241 (6) claim (*see Kropp v Town of Shandaken*, 91 AD3d 1087, 1091 [2012]; *Friot v Wal-Mart Stores*, 240 AD2d 890, 891 [1997]), Supreme Court properly dismissed the portion of plaintiffs' claim relying upon that section. Further, because the "load"—the T-connection—was not being carried or swung over plaintiff's head at the time of the accident, the court properly dismissed the claim to the extent that it relied upon 12 NYCRR 23-9.4 (h) (5), which provides that, "[w]here power shovels and backhoes are used for material handling, . . . [c]arrying or swinging suspended loads over areas where persons are working or passing is prohibited." Turning to the regulations upon which Supreme Court determined that plaintiffs could proceed, the court correctly determined that factual questions exist regarding whether the hoisting operation was complete and whether the chain used to lower the T-connection was still connected. Accordingly, there are material issues of fact regarding whether the backhoe was handling a load (12 NYCRR 23-9.2 [b] [2]), "at rest" (12 NYCRR 23-9.2 [g]), "in use" (12 NYCRR 23-9.5 [c]), and stopped or parked (12 NYCRR 23-9.5 [f]) within the meaning of the regulatory provisions.

Finally, given the contradictory proof regarding whether defendants exercised the requisite supervisory control and directed the portion of the work that brought about the injury,

summary judgment dismissing plaintiffs' Labor Law § 200 claim is unwarranted (*see Rizzuto v L.A. Wenger Contr. Co.*, 91 NY2d 343, 352-353 [1998]; *Fassett v Wegmans Food Mkts., Inc.*, 66 AD3d 1274, 1276-1277 [2009]). The parties' remaining arguments have been considered and found to be lacking in merit.

Spain, McCarthy and Egan Jr., JJ., concur. Ordered that the order is affirmed, without costs.