Fundus v Scarola (2023 NY Slip Op 01258)

Fundus v Scarola

2023 NY Slip Op 01258

Decided on March 14, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 14, 2023

Before: Friedman, J.P., González, Kennedy, Shulman, Pitt-Burke, JJ. 

Index No. 156032/14 Appeal No. 17525 Case No. 2022-00555 

[*1]Kenneth Fundus et al., Plaintiffs-Appellants,
v
Michael Scarola et al., Defendants, Astoria Studios Limited Partnership II, Defendant-Respondent.

Abrams Fensterman, LLP, White Plains (Aaron Zucker of counsel), for appellants.
Strongin Rothman & Abrams, LLP, New York (Howard F. Strongin of counsel), for respondent.

Order, Supreme Court, New York County (David B. Cohen, J.), entered on or about January 3, 2022, which, insofar as appealed from as limited by the briefs, denied plaintiffs' motion for partial summary judgment on the Labor Law § 240(1) claim and so much of the Labor Law § 241(6) claim as based on a violation of Industrial Code (12 NYCRR) § 23-6.1(h) as against defendant Astoria Studios Limited Partnership II (defendant), and granted defendant's motion for summary judgment dismissing the Labor Law § 200 and common-law negligence claims as against it, unanimously affirmed, without costs.
The court correctly found that issues of fact were raised by the conflicting testimony of plaintiff and his coworker that precluded summary judgment in plaintiffs' favor on the Labor Law § 240(1) claim against defendant (see Ellerbe v Port Auth. of N.Y. & N.J., 91 AD3d 441, 442 [1st Dept 2012]). Plaintiff's coworker was supervising plaintiff and three other workers in removing an approximately 12-foot-long steel beam in the course of dismantling a movie set. Plaintiff testified that he saw the beam start spinning while it was in the process of being lowered, even though tag lines were being used for the purpose of preventing the beam from spinning, and that the beam struck him while he was attempting to stop it from spinning, so that it would not fall onto his coworkers (see Fraser v City of New York, 158 AD3d 428 [1st Dept 2018]; Ray v City of New York, 62 AD3d 591 [1st Dept 2009]; see also Skow v Jones, Lang & Wooton Corp., 240 AD2d 194, 195 [1st Dept 1997], lv denied 94 NY2d 758 [1999]). Under that account, plaintiff's conduct would at most amount to comparative negligence, which is not a defense to a Labor Law § 240(1) claim (see Mayorquin v Carriage House Owner's Corp., 202 AD3d 541, 542 [1st Dept 2022]). However, the supervisor testified that tag lines were not used, and that the beam never started spinning. On this record, there is an issue of fact as to whether the accident was proximately caused by a failure to provide adequate safety devices to control the beam, or whether the sole proximate cause of the accident was plaintiff's own unauthorized and admittedly dangerous conduct of moving under the beam while it was being lowered, before he lifted his head and was struck by the beam (see Robinson v East Med. Ctr., LP, 6 NY3d 550, 554 [2006]). Plaintiff's argument that he was not provided with a hard hat is unavailing, since a hard hat is not a safety device for purposes of Labor Law § 240(1) (see Mercado v Caithness Long Is. LLC, 104 AD3d 576, 577 [1st Dept 2013]; Singh v 49 E. 96 Realty Corp., 291 AD2d 216 [1st Dept 2002]).
The conflicting testimony as to whether the beam was spinning also raised an issue of fact as to whether the accident was proximately caused by a violation of Industrial Code § 23-6.1(h), which provides that "[l]oads which have a tendency to swing or turn freely during hoisting shall be controlled by tag lines." Contrary to defendant's [*2]argument for dismissing the Labor Law § 241(6) claim, the statute "is not limited to building sites" (Mosher v State of New York, 80 NY2d 286, 288 [1992]).
Plaintiffs abandoned the Labor Law § 200 and common-law negligence claims as against defendant by failing to oppose that part of its summary judgment motion seeking dismissal of those claims (see Leveron v Prana Growth Fund I, L.P., 181 AD3d 449, 450-451 [1st Dept 2020]). We decline to review plaintiffs' unpreserved arguments as to those claims, as they involve "facts relevant to issues not brought to [defendant's] attention below," and "are not purely legal arguments that are clear from the face of the record" (Caminiti v Extell W. 57th St. LLC, 166 AD3d 440, 441 [1st Dept 2018]). Alternatively, on the merits, we find that the court properly dismissed the Labor Law § 200 and common-law negligence claims as against defendant, as plaintiffs never offered any proof that defendant actually exercised supervisory control over the work (see Brown v New York City Economic Dev. Corp., 234 AD2d 33, 33 [1st Dept 1996]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 14, 2023