Hartrum v Montefiore Hosp. Hous. Section II Inc. (2025 NY Slip Op 02008)

Hartrum v Montefiore Hosp. Hous. Section II Inc.

2025 NY Slip Op 02008

Decided on April 03, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 03, 2025

Before: Manzanet-Daniels, J.P., Moulton, Mendez, Shulman, Higgitt, JJ.

Index No. 303502/16|Appeal No. 3634|Case No. 2023-06545|

[*1]Kyle Hartrum, Plaintiff-Appellant-Respondent,
v
Montefiore Hospital Housing Section II Inc., et al., Defendants-Respondents-Appellants.
KMB Design Group LLC, Third-Party Plaintiff-Respondent-Appellant,
v
Electronic Service Solutions, Inc., et al., Third-Party Defendants-Respondents.

Kelner and Kelner, New York (Gail S. Kelner of counsel), for appellant-respondent.
Ahmuty, Demers & McManus, Albertson (Nicholas P. Calabria of counsel), for Montefiore Hospital Housing Section II Inc. and Montefiore Medical Center, respondents-appellants.
Gallo Vitucci Klar, LLP, New York (C. Briggs Johnson of counsel), for Flo TV Incorporated and Mediaflo USA, Inc., respondents-appellants.
Marshall Dennehey, P.C., New York (Dianne K. Toner of counsel), SBA Site Management, LLC, and SBA Site Management, LLC, as successor in interest to AAT Communications LLC, respondents-appellants.
Barry McTiernan & Moore LLC, New York (David H. Schultz of counsel), for KMB Design Group LLC, respondent-appellant.
Ondrovic & Platek, PLLC, White Plains (Karen A. Ondrovic of counsel), for respondents.

Order, Supreme Court, Bronx County (Lucindo Suarez, J.), entered December 12, 2023, which, to the extent appealed from as limited by the briefs, denied plaintiff partial summary judgment on his cause of action pursuant to Labor Law § 240(1); denied the motions of defendants Montefiore Hospital Housing Section II Inc. (Monte Housing) and Montefiore Medical Center (Montefiore Medical, and together with Monte Housing, Montefiore), SBA Site Management, LLC, SBA Site Management, LLC, as successor-in-interest to AAT Communications Corp., and AAT Communications LLC (collectively, SBA), Flo TV Incorporated and Mediaflo USA, Inc. (collectively, Flo), and KMB Design Group, LLC (KMB) for summary judgment dismissing plaintiff's Labor Law § 240(1), § 200, and common-law negligence claims; denied Montefiore summary judgment on its claims of contractual indemnity as against defendants SBA and Flo; denied Flo summary judgment dismissing the contractual indemnity claim of Montefiore as against it and summary judgment on its contractual indemnity claim as against defendant KMB; denied SBA summary judgment on its claim of contractual indemnity as against defendant Flo; and denied KMB summary judgment on its claim of contractual indemnity as against third-party defendant Electronic Services Solutions, Inc. (ESS) and dismissal of Flo's contractual indemnity claim as against it, unanimously modified, on the law, to grant plaintiff summary judgment on his Labor Law § 240(1) claim as against defendants Monte Housing, SBA, Flo, and KMB, dismiss plaintiff's Labor Law § 200 and common-law negligence claims as against all defendants, grant Montefiore Medical and Monte Housing summary judgment on its indemnity claim as against SBA, grant Monte Housing summary judgment on its indemnity claim as against Flo, grant SBA summary judgment on its contractual indemnity claim as against Flo, grant Flo conditional summary judgment as against KMB, grant KMB conditional summary judgment as against ESS, and otherwise affirmed, without costs.
Plaintiff laborer was employed by third-party defendant ESS, which was engaged in the decommissioning and removal of communications equipment owned by Flo that was located on the roof of a building owned by Monte Housing. The roof was leased by Monte Housing to SBA, and SBA subleased space to Flo. When the sublease terminated, Flo engaged the services of general contractor KMB to remove its equipment, and KMB subcontracted the work to third-party defendant ESS. While a piece of sheet metal was being hand-hoisted, without tag lines, from a penthouse bulkhead roof to the main roof 20 feet below, it began to swing wildly, striking plaintiff and causing significant lacerations to his arm. The facts of the accident entitle plaintiff to the protections of Labor Law § 240(1) and summary judgment should have been granted in his favor on that claim (see Runner v New York Stock Exch., Inc., 13 NY3d 599, 603 [2009]; Kempisty v 246 Spring St., LLC, 92 AD3d [*2]474, 474-475 [1st Dept 2012]; Ray v City of New York, 62 AD3d 591, 591-592 [1st Dept 2009]).
Flo describes the accident as unwitnessed and argues that there are inconsistent versions that warrant denial of summary judgment. Although no testimony or affidavits were proffered during motion practice, the accident was witnessed by plaintiff's foreman and two other coworkers, and Flo's claims that there are inconsistent versions of the accident are largely based on testimony from the ESS supervisor who investigated the accident but was not present when it occurred. The supervisor purportedly took statements and notes of his findings, but those documents were never exchanged, nor was the accident report created by plaintiff's foreman provided. The supervisor's vague hearsay testimony concerning what workers purportedly told him does not defeat plaintiff's entitlement to summary judgment (see Garcia v 122-130 E. 23rd St. LLC, 220 AD3d 463, 464 [1st Dept 2023]; compare Medrano v Port Auth. of N.Y. & N.J., 154 AD3d 521, 521-522 [1st Dept 2017]). Although Flo argues that the supervisor also testified to an inconsistent version of events plaintiff purportedly gave while in the hospital, that ambiguous description can be read consistently with the version on plaintiff's C-3 report and deposition testimony. Moreover, to the extent there are discrepancies, the purported alternate version would still lead to Labor Law § 240(1) liability (see Douglas v Tishman Constr. Corp., 205 AD3d 570, 571 [1st Dept 2022]). Thus, even assuming the conversation occurred and it was inconsistent, it is a distinction without a difference (see Romanczuk v Metropolitan Ins. & Annuity Co., 72 AD3d 592, 592 [1st Dept 2010]).
SBA's claim that it is not a proper Labor Law defendant because it was effectively an out-of-possession lessor is unpersuasive. Although it was their sublessee that contracted with KMB for the equipment removal, SBA's lease with Monte Housing required it to ensure that the equipment was erected and maintained in a safe manner. Its sublease with Flo did not transfer all of its right in the property and SBA's workers continued to visit the site on an as needed basis to check equipment and read meters. Furthermore, SBA's manager coordinated the equipment removal project for Flo, attending the pre-project walk-though as a representative of Monte Housing and thereafter being apprised of the project's progress directly by KMB. KMB's representative testified that there was no direct contact with Montefiore; all communication with the owner was through SBA, which he described as the first layer of building management. Under these facts, the motion court correctly found that SBA was a statutory defendant (compare Crespo v Triad, Inc., 294 AD2d 145, 146 [1st Dept 2002]; Imling v Port Auth. of N.Y. & N. J., 289 AD2d 104, 104-105 [1st Dept 2001], lv denied 97 NY2d 613 [2002]).
Plaintiff's Labor Law § 200 and common-law negligence claims, however, should be dismissed against [*3]all defendants. Here, the accident arose from the means and methods of the work being performed, i.e., the hoisting of sheet metal from the penthouse bulkhead roof to the main roof 20 feet below. There is no evidence that anyone exercised supervisory control over the means and methods of that activity other than the ESS foreman, who was also solely responsible for planning the hoisting (see Suconota v Knickerbocker Props., LLC, 116 AD3d 508, 508-509 [1st Dept 2014]).
The Montefiore defendants are entitled to contractual indemnity from SBA pursuant to the terms of the lease between them, which is triggered by claims arising out of the use and occupancy of the leased premises by SBA or its subtenants. Monte Housing is entitled to indemnity from Flo based upon the indemnity provision in the sublease between SBA and Flo, which is triggered where a claim is brought as a result of removal of the equipment at the premises. That the indemnity is stated as running in favor of the owner, rather than specifically naming Monte Housing, is irrelevant. The terms of the lease are clear on its intent and the deed in the record confirms that Monte Housing owned the premises (see Picchione v Sweet Constr. Corp., 60 AD3d 510, 513-514 [1st Dept 2009]).
SBA is also entitled to indemnity from Flo pursuant to the terms of the lease. Although SBA is a proper Labor Law defendant and thus subject to statutory liability, there is no evidence that it was negligent. Thus, claims that indemnity is premature due to possible operation of General Obligations Law are unpersuasive. Flo is entitled to indemnity over KMB as the contract between the two is triggered, among other things, by the negligent or intentionally wrongful acts of KMB's subcontractor, here ESS. However, as there has yet to be a jury finding as to the extent, if any, of ESS's culpability, conditional indemnification is appropriate (see Quiroz v New York Presbyt./Columbia Univ. Med. Ctr., 202 AD3d 555, 557 [1st Dept 2022]).[FN1] Similarly, KMB's entitlement to contractual indemnity from ESS is conditional, as their contract requires ESS to indemnify KMB where the accident arises out of ESS's negligent acts or omissions or its willful misconduct.
We have considered the remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 3, 2025

Footnotes

Footnote 1: KMB points out that the mutual indemnification clause in its contract with Flo also requires one party to indemnify the other where the indemnifying party is held liable under a strict liability theory. KMB argues that where, as is the case here, both parties are held liable under Labor Law § 240(1), this portion of the mutual indemnification clause "cancels out" the parties' correlative indemnification duties. Even assuming, without deciding, that argument is valid, an issue of fact remains as to whether KMB must indemnify Flo under the negligent subcontractor provision of the parties' indemnification clause, which, as noted above, makes KMB liable for the negligence of its subcontractor ESS.