Coronel v Marcal Contract Co., LLC (2026 NY Slip Op 00468)

Coronel v Marcal Contract Co., LLC

2026 NY Slip Op 00468

Decided on February 03, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 03, 2026

Before: Webber, J.P., Kennedy, Mendez, Rodriguez, Michael, JJ. 

Index No. 34145/20|Appeal No. 5727|Case No. 2025-02172|

[*1]Nelson Guadalupe Coronel, Plaintiff-Respondent,
vMarcal Contract Co., LLC, et al., Defendants-Appellants-Respondents.
Marcal Contract Co., LLC, et al., Third-Party Plaintiffs-Appellants-Respondents,
vCapital Concrete NY, Inc., Third-Party Defendant-Respondent-Appellant. ?

Pillinger Miller Tarallo, LLP, New York (Anu Bhargava of counsel), for appellants-respondents.
Fuchs Rosenzweig, PLLC, New York (Shana M. Bailey of counsel), for respondent- appellant.
Chirico Law PLLC, Brooklyn (Vincent Chirico of counsel), for respondent.

Order, Supreme Court, Bronx County (Myrna M. Socorro, J.), entered on or about February 20, 2025, which, to the extent appealed from as limited by the briefs, granted plaintiff's motion for summary judgment on liability on his Labor Law § 240(1) cause of action, denied third-party defendant Capital Concrete NY, Inc.'s (Capital), cross-motion for summary judgment dismissing plaintiff's Labor Law § 241(6) cause of action insofar as predicated on Industrial Code (12 NYCRR) § 23-2.1(a)(2), and denied defendants Marcal Contracting Co., LLC (Marcal) and AW Pelham, LP's motion for summary judgment dismissing the common-law negligence and Labor Law § 200 causes of action as against Marcal and for judgment in their favor on their cause of action for contractual indemnification against Capital, unanimously modified, on the law, to grant defendants' motion insofar as it sought summary judgment dismissing the common-law negligence and Labor Law § 200 causes of action as against defendant Marcal and insofar as it sought summary judgment on the cause of action for contractual indemnification as against Capital, and otherwise affirmed, without costs.
Supreme Court properly concluded that plaintiff, who worked as a carpenter for Capital, established prima facie entitlement to summary judgment on liability on his Labor Law § 240(1) cause of action based on his unrebutted testimony that a concrete form came off the wall and fell on top of him from a height of approximately 15 feet. This testimony demonstrated that "an elevation-related safety device failed, or no device was placed and operated so as to provide him with adequate protection" (Viruet v Purvis Holdings LLC, 198 AD3d 587, 587-588 [1st Dept 2021]). In opposition, defendants failed to raise a material issue of fact (id. at 588). Defendants' proximate cause defense, based on plaintiff's prior medical treatment for dizziness or his purported recalcitrance in using a ladder when allegedly instructed by his supervisor, fails to establish that plaintiff was the sole proximate cause of his accident, as the record establishes that defendant's statutory violation was a proximate cause of the injury (see Blake v Neighborhood Hous. Servs. of N.Y. City, 1 NY3d 280, 290 [2003]).
In light of our determination on the § 240 claim, review of plaintiff's Labor Law § 241(6) claim is academic (see Malan v FSJ Realty Group II LLC, 213 AD3d 541, 542 [1st Dept 2023]).
However, Supreme Court should have dismissed the common-law negligence and § 200 causes of action as against Marcal, the general contractor. That Marcal may have had a contractual right to control the work was insufficient to raise an issue of fact as to whether it exercised actual control over the work (see Brown v New York City Economic Dev. Corp., 234 AD2d 33, 33 [1st Dept 1996]). The record shows that Marcal's general responsibility for site safety fell short of the degree of control necessary to impose liability under the common law or Labor Law § 200 (see Mendriski v New York City Hous. Auth., 189 AD3d 410, 411 [1st Dept 2020]). Plaintiff testified that he received all work instructions from his foreman and had no substantive communications with Marcal's employees. He further testified that Capital provided ladders and waist chains, that he and his coworker tied off the harness he wore while using a ladder, and that other Capital workers installed the concrete form that fell on him. Further, according to the testimony of plaintiff's supervisor, Capital ensured that plaintiff was assigned safe tasks in light of his being treated for dizziness. Marcal's superintendent also testified that Capital's safety manager held weekly safety meetings for Capital workers, and that Marcal did not direct the means and methods of any subcontractor's work.
Because defendants were not negligent at common law or liable under Labor Law § 200, they are entitled to contractual indemnification under the broad indemnity provision requiring Capital to indemnify defendants to the fullest extent permitted by law, with limitations not applicable here, for personal injury claims arising from Capital's work. The record does not support Capital's contention that defendants failed to establish their freedom from negligence, as there are no issues of fact as to whether the accident occurred and whether it arose from Capital's work.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 3, 2026