Speechio v Starbucks Corp.

2026 NY Slip Op 02049

April 2, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Joseph Speechio, Plaintiff-Respondent,

v

Starbucks Corp. et al., Defendants-Appellants.

Starbucks Corp. et al., Third-Party Plaintiffs-Appellants,

Eclipse Contracting Corp. et al., Third-Party Defendants-Respondents. ?

Decided and Entered: April 02, 2026

Index No. 161323/18|Appeal No. 6267|Case No. 2024-06571|

Before: Manzanet-Daniels, J.P., Mendez, Pitt-Burke, Higgitt, Hagler, JJ.

McCormick & Priore, P.C., Rye Brook (Steven R. Gustavson of counsel), for appellants.

Hogan & Cassell, LLP, Jericho (Michael Cassell of counsel), for Joseph Speechio, respondent.

Sobel Pevzner, LLC, Huntington (David M. Goldman of counsel), for Eclipse Contracting Corp, respondent.

Milber Makris Plousadis & Seiden, LLP, Purchase (Jessica G. Price of counsel), for DAL Electric Corp., respondent.

[*1]

Order, Supreme Court, New York County (Arlene P. Bluth, J.), entered September 27, 2024, which, to the extent appealed from, granted plaintiff's motion for partial summary judgment on his claim pursuant to Labor Law § 241(6) insofar as predicated on Industrial Code (12 NYCRR) § 23-1.7(e)(2), and granted the motions of third-party defendants Eclipse Contracting Corp. and DAL Electric Corp. for summary judgment dismissing defendants' claims for contractual and common-law indemnification, contribution, and attorneys' fees, unanimously modified, on the law, without costs, to deny that part of DAL's motion seeking dismissal of defendants' claim for contractual indemnification and attorneys' fees, and those claims reinstated, and otherwise affirmed, without costs.

The court properly granted plaintiff partial summary judgment on the Labor Law § 241(6) claim predicated on a violation of Industrial Code § 23-1.7(e)(2). Plaintiff testified that he slipped on a piece of loose electrical wire as he walked around a pile of discarded wires in order to retrieve additional work material (see Sternkopf v 395 Hudson N.Y., LLC, 227 AD3d 579, 580-581 [1st Dept 2024]; Castaldo v F.J. Sciame Constr. Co. Inc., 222 AD3d 579, 579 [1st Dept 2023]). The pile of discarded wire, which was placed at the site by third-party defendant DAL, the electrical subcontractor, "constituted debris that was not integral to the work being performed at the accident site" (Sternkopf, 227 AD3d at 581).

Third-party defendant Eclipse, the carpentry subcontractor that employed plaintiff, established that the accident did not arise out of or result from its work, as was required for it to indemnify defendants pursuant to their subcontract. That plaintiff was injured in the course of performing Eclipse's work alone is insufficient to find that the accident arose from Eclipse's work, particularly since defendant Shawmut, the general contractor, took on the task of disposing DAL's debris (see Sternkopf, 227 AD3d at 580-581; DeGidio v City of New York, 176 AD3d 452, 454 [1st Dept 2019], lv dismissed in part and denied in part 35 NY3d 963 [2020]).

[*2]

However, the court should have denied DAL's motion for summary judgment dismissing the contractual indemnification and attorneys' fees claims against it. DAL does not dispute the court's finding that the wires that caused the accident were its debris, and DAL admits that it piled the debris. Thus, the accident arose out of or resulted from DAL's work. "The focus of . . . a broadly worded [indemnification] clause is not on the precise cause of the accident but the general nature of the operation in the course of which the injury was sustained" (Weidtman v Tremont Renaissance Hous. Dev. Fund Co., Inc., 224 AD3d 488, 491 [1st Dept 2024] [internal quotation marks omitted]; see Worth Constr. Co., Inc. v Admiral Ins. Co., 10 NY3d 411, 415 [2008]). Furthermore, DAL failed to establish that the indemnification provision, which contains a savings clause, was nonetheless unenforceable under General Obligations Law § 5-322.1(1) on the ground that defendants were the sole proximate cause of the accident.

The court properly dismissed the common-law indemnification and contribution claims as against Eclipse because plaintiff undisputedly did not suffer the type of "grave injury" enumerated in Workers' Compensation Law § 11. The claims against DAL were also properly dismissed as it established, based on Shawmut's having taken on the responsibility for removing debris, its freedom from negligence and that it did not control the injury-producing work (see Naughton v City of New York, 94 AD3d 1, 10 [1st Dept 2012]). We reject defendants' contention that DAL should have removed the debris based on its alleged contractual obligation to do so as the record establishes that
Shawmut undertook that work (see Brown v New York City Economic Dev. Corp., 234 AD2d 33, 33 [1st Dept 1996]).

THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: April 2, 2026